Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

ATHENIAN MARBLE CORPORATION and Mel Jurjens, Defendants.

No. Civ 81–0795–BT.

United States District Court, W. D. Oklahoma.

March 23, 1982.

Robert A. Fitz, James White, T. Timothy Ryan, Jr., Washington, D.C., and Jack F. Ostrander, for plaintiff.

Jack T. Crabtree, Oklahoma City, Okl., for defendants.

## MEMORANDUM OPINION

BRETT, District Judge.

On May 5, 1981, a representative of the Occupational Safety and Health Administration (OSHA), Paul L. Brantley, appeared before United States Magistrate Paul B. Lindsey and submitted a Request for Inspection Warrant and his affidavit in support thereof. Upon review of the Request and affidavit, Magistrate Lindsey issued an Inspection Warrant authorizing Brantley and other duly appointed OSHA Compliance Officers to enter the workplace of Athenian Marble Corporation (Athenian) within ten days for the purpose of conducting a programmed safety inspection. Thereafter, on May 15, 1981, a duly authorized Compliance Officer, Guadalupe Ozuna, Jr., delivered a copy of the Inspection Warrant to the general manager of Athenian, Mel Jurjens, at the Athenian workplace. Jurjens dishonored the warrant and refused to permit an inspection of the workplace. The Secretary of Labor, acting through his duly authorized representatives, then instituted the instant action by filing a Petition for Adjudication in Civil Contempt.

On June 24, 1981, defendants sought by means of a deposition subpoena *duces tecum* to discover a variety of documents underlying the proposed programmed inspection. The Government moved to quash the subpoena and for a protective order asserting the documents sought to be discovered were privileged from discovery and disclosure of the same would place the disclosing official in violation of section 17(f) of the Occupational Safety and Health Act. Following a hearing on July 13, 1981 and an *in camera* review of the documents in question, the Court determined the documents were privileged from discovery and, accordingly, entered a protective order on July 20, 1981 quashing the deposition subpoena *duces tecum* and directing further discovery concerning the documents not be had.

Subsequently, on July 30, 1981, defendants propounded interrogatories to plaintiff wherein defendants attempted to obtain substantially the same information sought earlier in their deposition subpoena *duces tecum*. In response, the Government moved for a second protective order preventing defendants from inquiring into matters beyond the "four corners" of the warrant affidavit, and objected to each of the defendants' interrogatories on that basis. Upon consideration of the Government's motion, the Court entered a second protective order on August 14, 1981. Thereafter, defendants filed an application for review of the second protective order and a motion to compel discovery. Following briefing of the issues, the Court entered an order on February 5, 1982 denying defendants' request for vacation of the second protective order and defendants' motion to compel discovery. On the basis of the record before it, however, the Court concluded it could not determine whether the administrative plan forming the basis for the Government's Request for Inspection Warrant was derived from neutral sources or whether Athenian was one of the businesses covered by the administrative plan. Accordingly, the Court directed the Government to produce for *in camera* inspection the inspection warrant affidavit and all documents submitted to the magistrate in support thereof. The Government submitted these materials to the Court as directed, but the Court determined it was still not in a position to pass on the validity of the inspection warrant on the basis of the materials submitted. The Court, therefore, ordered the Government to produce for *in camera* inspection all documents relied upon by OSHA agent Brantley in making the statements contained in Paragraphs 12 and 13 * of his affidavit of May 5, 1981. The Government complied by submitting the relevant documents on March 1, 1982. Presently before the Court for consideration are cross motions for summary judgment.

As expressed in the Court's order of February 4, 1982, the Court's principal concern in this matter has been with reference to the ability of an employer to chal-

---

* Quoted *infra*, at pp. 179–180.

lenge the representations of OSHA officials made to the issuing judicial officer. The case law is clear the employer is not entitled to the materials submitted to the magistrate in support of the Request for Inspection Warrant. *See, e.g., In the Matter of Establishment Inspection of Peterson Builders, Inc.,* 10 O.S.H.C. 1169, 1170 (E.D.Wis. 1981); *Chicago Aluminum Casting Company v. Donovan,* 535 F.Supp. 392 (N.D.Ill. 1981). That being the case, the employer is not in a position to take issue with facts alleged or an administrative plan presented in support of a Request for Inspection Warrant. As the Court noted in *In the Matter of the Inspection of Xenia Foundry & Machine Company,* 1981 CCH O.S.H.D. ¶ 25,513 (S.D.Ohio 1981):

> The warrant procedure requires the independent judgment of the judiciary that probable cause exists before an inspection warrant is issued. Where the company to be inspected is unable to effectively challenge the representations of fact upon which the Court relies, the Court then becomes involved in a pro forma approval of OSHA's decision.

*Id.* at 31,808. Bearing this sound admonition in mind, the Court has conducted a careful review of the documents submitted to the magistrate in support of the warrant request as well as certain portions of the administrative plan pursuant to which the OSHA representative sought to conduct a programmed inspection of Athenian.

■■■ In support of their motion for summary judgment, defendants assert the information provided the issuing magistrate was insufficient to justify the finding of administrative probable cause necessary to support the issuance of an inspection warrant. Implicit in this assertion is the notion the reviewing court may only consider the information provided the issuing magistrate or judge. *Marshall v. Horn Seed Co., Inc.,* 647 F.2d 96, 104 (10th Cir. 1981). This is, of course, a correct statement of the law, and, in determining whether the inspection warrant was validly issued upon a showing of administrative probable cause, this Court has considered only those materials sub-

mitted to the magistrate in support of the request for an inspection warrant. As this Court stated in its Order of February 4, 1982:

> The issue before the Court is whether the administrative plan relied on by the Government in support of its warrant affidavit was derived from neutral sources, and whether defendant, Athenian Marble, is one of the businesses covered by such plan. *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 323 [98 S.Ct. 1816, 1826, 56 L.Ed.2d 305] (1978).

Having reviewed the materials produced to the issuing magistrate, the Court concludes those materials were sufficient to justify the magistrate's findings that the administrative plan in question was derived from neutral sources and that defendant Athenian Marble was one of the businesses covered by such plan, and, therefore, there existed sufficient administrative probable cause to support the issuance of an inspection warrant. The pertinent allegations contained in the affidavit of the OSHA representative, Paul L. Brantley, are set forth below:

2. Athenian Marble Corporation, located at 7724 W. Melrose Lane, Oklahoma City, Oklahoma County, Oklahoma, is engaged in the business of manufacturing marble products and receiving shipments of polyester resin and brass items from Houston, Texas. This type industry is identified by the Standard Industrial Classification (hereinafter SIC) Number 3079.

\* \* \* \* \* \*

6. This establishment was selected for a programmed safety inspection pursuant to a scheduling system based upon objective selection criteria.

7. The Oklahoma City Area Office has instituted a scheduling system for programming inspections using the objective selection criteria set out in OSHA CPL 2.25A. A copy of this directive is marked Exhibit # 1, attached to this affidavit, and incorporated herein.

8. The initial selection of a particular category of employment for programmed

inspection activity (i.e., health, safety, construction, maritime) is made in accordance with the annual Field Operations Program Plan. The program plan enables each Area OSHA Office to identify program activities, determine priorities and assign resources accurately.

9. The National Office provides the Area OSHA Offices with a statewide Industry Ranking Report of 4-digit SIC Codes (Standard Industrial Classification Codes) according to hazard rating value. The National Office also provide [sic] each OSHA Office with a list of establishments for each SIC on the statewide Industry Ranking Report located within the area office's jurisdiction. Establishments with five or fewer employees are not shown on the list. The Area Director is authorized to make additions to or deletions from the list.

10. Within a category of employment, establishments are randomly selected (See Appendix C of Exhibit 1) from the Establishment List (See Figure A–3 of Exhibit 1) for that category and place [sic] in an inspection cycle. An inspection cycle must contain at least 10 establishments. The number of cycles will depend on the total number of projected safety inspections.

11. Within an inspection cycle establishments may be inspected in any order that makes efficient use of resources but all establishments in a cycle must be inspected with only limited exceptions, before [a] new cycle is begun. See CPL 2.25A I.1.c.(2) (a–d) and H.3.

12. To determine which establishments the Oklahoma City Area Office should schedule programmed safety inspections for the following procedure was used. Each establishment on the Establishment List provided by the National Office is numbered consecutively. After determining the number of inspections to be conducted in the year and in each cycle the establishments to be inspected in each cycle were selected pursuant to a random number table which is provided by the National Office. (See Appendix CPL 2.25A for sample random number tables).

13. The projected number of programmed safety inspections for the Oklahoma City Area Office in fiscal year 1981 is 36. The projected inspections were divided into three inspection cycles, twelve inspections. Application of the random number table to the Establishment List resulted in Athenian Marble Corporation being selected for a programmed safety inspection during the first cycle. Of the twelve inspections scheduled for the first cycle only two had been completed at the time this inspection was attempted.

Also presented to the magistrate was a copy of OSHA Instruction CPL 2.25A which set forth in great detail the administrative plan utilized by OSHA in scheduling programmed inspections.

Defendants rely on the opinion of the District Court in *In the Matter of Establishment Inspection of G. H. Hensley Adco Bucket Division*, 1981 CCH O.S.H.D. ¶ 25,-483 (N.D.Tex.1981) for their assertion the materials submitted to the magistrate were insufficient to support the issuance of the inspection warrant. It is unclear from the opinion as to what that Court would require to justify a finding of administrative probable cause. The Court does state, however:

> The Court does not find that probable cause for issuance of a programmed inspection warrant can be established only with a lengthy, minutely detailed affidavit. * * * The information provided the court should be sufficiently clear and self-contained that the court can make an independent determination that the selection criteria were applied neutrally to the establishment for which an inspection warrant is sought.

*Id.* at 31,776. If this be the standard, this Court finds the information contained in the Brantley affidavit and OSHA Instruction CPL 2.25A is sufficiently clear and self-contained to justify the magistrate's finding of administrative probable cause in the instant case. To the extent the holding of the Court in *Hensley* argues for a different result, this Court declines to follow it. Moreover, the Court notes in *Hensley* the Court granted OSHA additional time to file

supplemental materials setting forth the administrative plan or other specific neutral criteria relating to the establishment therein question.

▮ With respect to the procedure followed by OSHA in applying for *ex parte* inspection warrants, it appears evident to the Court the better practice would be for OSHA to submit to the magistrate together with its request for an inspection warrant the relevant Ranking List, Index of County Locations, and Random Number Table. Such a procedure would afford the magistrate the opportunity to verify the allegations of OSHA representatives immediately, thus effecting a substantial measure of judicial economy. There is no indication in *Barlow's* or its progeny, however, that such a procedure is constitutionally mandated, and the Court concludes the procedure followed by OSHA in the case at bar passes constitutional muster.

▮ A review of the cases involving disputes over OSHA inspection warrants reveals challenges to such warrants are made in two ways. In some instances, the employer alleges a defect exists in the warrant or the warrant-issuing process. In others, the employer attacks the validity of the underlying administrative plan. Where an employer complains of a defect in the warrant-issuing process the reviewing court, as noted hereinabove, may only consider the materials submitted to the issuing officer in determining the validity of the warrant, *vel non*. Where an employer challenges the validity of the administrative plan upon which the warrant request is made, the courts have evinced a willingness to look behind the affidavit and supporting materials to determine whether the plan was derived from neutral sources and is being applied in a reasonable and nondiscriminatory fashion. *See, e.g., In the Matter of the*

*Inspection of Xenia Foundry & Machine Company*, 1981 CCH O.S.H.D. ¶ 25,513 (S.D. Ohio 1981). The great majority of challenges of either type arise through motions to quash.

▮ The instant case was commenced by the Secretary of Labor by a petition to adjudicate defendants in contempt for their dishonor of an inspection warrant issued by a United States Magistrate. Prior to moving for summary judgment, defendants raised their challenge to the inspection warrant by attempting to subpoena certain documents and by moving to compel discovery of the contents of those documents. This procedural posture of the case made it unclear whether defendants were alleging a defect in the warrant-issuing process only, or were further attacking the validity of the underlying administrative plan. Accordingly, the Court construed defendants' pleadings broadly and deemed defendants' challenges to the inspection warrant to be challenges to both the warrant and the administrative plan. For the reasons set forth above, the Court concluded the materials submitted to the magistrate supported a finding of administrative probable cause, and therefore, there exists no defect in the warrant or the warrant-issuing process. Having conducted a careful review of the administrative plan and other materials relied upon by OSHA in scheduling the programmed inspection here in issue, the Court has concluded the plan was derived from neutral sources and was applied to the defendant employer in a reasonable and nondiscriminatory fashion.** This procedure was employed by the District Court in *In the Matter of the Inspection of Xenia Foundry & Machine Company*, 1981 CCH O.S.H.D. ¶ 25,513 (S.D.Ohio 1981), and this Court finds it a sound approach, maintaining, as it does, a proper respect for the

---

** The Government has submitted an "Index of County Locations for Establishments in Oklahoma" wherein it is indicated Athenian was assigned a Standard Industry Classification (SIC) number of 3079. The "Ranking List for Oklahoma" shows the name of such SIC to be "Miscellaneous Plastic Products." An additional "Index of County Locations for Estab-

lishments in Oklahoma" indicates the Sequential Number assigned to Athenian was 178. The "Random Number Table" shows Number 178 appears in Column I, and when the columns of numbers were segregated into cycles for purposes of inspection, Number 178 appeared in Cycle I.

inability of an employer to challenge effectively the representations of OSHA representatives on the one hand, and OSHA's well-founded need for secrecy on the other.

█ It is well settled cross motions for summary judgment do not warrant the Court's granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts not the subject of a genuine dispute. 6 Moore's Federal Practice ¶ 56.13. In determining whether a genuine factual dispute exists, the Court must view the evidence in the light most favorable to the party against whom judgment is sought, *National Aviation Underwriters, Inc. v. Altus Flying Service, Inc.*, 555 F.2d 778, 784 (10th Cir. 1977), and factual inferences tending to show triable issues must be resolved in favor of the existence of those issues. *Luckett v. Bethlehem Steel Corporation*, 618 F.2d 1373, 1377 (10th Cir. 1980). The Court has reviewed the record in detail, and concludes there exist no genuine disputes as to material facts. In addition, having concluded administrative probable cause sufficient to support the issuance of the inspection warrant exists and the administrative plan upon which the request for an inspection warrant was based was derived from neutral sources, and was applied to the defendant employer in a reasonable and nondiscriminatory manner, the Court finds and determines the plaintiff Secretary of Labor is entitled to judgment herein as a matter of law. The Court's conclusion in this regard notwithstanding, the Court finds a further hearing in this matter is necessary for the purpose of fashioning the appropriate remedy. Accordingly, entry of judgment in accordance with this order will be held in abeyance pending such further hearing.

IT IS THEREFORE ORDERED plaintiff's Motion for Summary Judgment is hereby granted.

IT IS FURTHER ORDERED defendants' Motion for Summary Judgment is hereby denied.

IT IS FURTHER ORDERED entry of judgment on this Order is held in abeyance

pending further hearing. This matter is set for hearing on April 13, 1982 at 8:30 a.m.