# Mosher Steel-Virginia, Inc.

## v.

# Eva S. Teig, Commissioner, Etc., et al.

Record No. 841315

Decided March 8, 1985, at Richmond

Present: All the Justices

*Thomas T. Lawson; Robert E. Rader, Jr. (D. Stan Barnhill; Woods, Rogers, Muse, Walker & Thornton; McCarty, Wilson, Rader & Mash, P.C.,* on briefs), for appellant.
*John R. Butcher, Assistant Attorney General (Gerald L. Baliles, Attorney General,* on brief), for appellees.

COCHRAN, J., delivered the opinion of the Court.

In this appeal, we consider whether an employer may challenge in a declaratory judgment proceeding a warrant authorizing inspection of the employer's manufacturing facility to determine whether the facility is being operated in compliance with the occupational safety and health laws, Code §§ 40.1-1, *et seq.*

Appellant Mosher Steel-Virginia, Division of Trinity Industries, Inc. (Mosher), operates a structural steel fabrication plant in Roanoke. Appellee Eva S. Teig is the Commissioner of Labor and Industry (the Commissioner), whose duties include enforcement of the Virginia occupational safety and health laws. The other appellee is the Virginia Department of Labor and Industry (the Department).

The facts are undisputed. On January 25, 1984, compliance officers of the Department sought to conduct a consensual safety inspection of Mosher's Roanoke plant. Mosher employees refused to permit the inspection to be made without a valid search warrant. On February 6, pursuant to the provisions of Code § 40.1-49.8, the Commissioner applied *ex parte* to the trial court, as authorized by Code § 19.2-394, for a warrant to inspect the Mosher facility. Attached to the application were affidavits of two employees of the Department.

The affidavit of C. L. Small, Jr., stated that he ordered the inspection of the Mosher plant; that the inspection, a general schedule inspection based on the United States Department of Labor's OSHA (Occupational Safety and Health Act) Planning Guide for

Safety, was in the fourth priority category; that OSHA rates the structural steel business as the fourth most hazardous industry in Virginia; that the OSHA Planning Guide reports one industrial site in the Roanoke area ranked in the first most hazardous category, none in the second or third most hazardous categories, and six, of which all but Mosher had been inspected, in the fourth most hazardous category; and that based on this information Mosher was selected for inspection. The affidavit of A. S. Powell, assigned to conduct the inspection, stated that he attempted the inspection but was denied entry by Mosher's plant manager. The trial court, finding that there was probable cause to do so, issued the inspection warrant.

When compliance officers attempted to execute the warrant on February 7, Mosher's representative refused to permit the inspection, asserting that the warrant was illegal. Attempts to execute the warrant on the next two days were rejected for the same reason. The Commissioner instituted criminal proceedings against Mosher's plant manager for each refusal to permit inspection.

Mosher filed an amended bill in the trial court against the Commissioner and the Department, seeking a declaratory judgment and injunctive relief. Mosher asked the court to declare that the Commissioner's application and the warrant were unconstitutional, that the Department's plan for scheduling inspections was unreasonable and discriminatory, and that the procedure for obtaining the warrant and the warrant itself violated the occupational safety and health laws of Virginia and regulations promulgated thereunder. Mosher asked the court to quash the warrant, to issue a preliminary injunction prohibiting any further action against Mosher or its employees and staying all criminal charges pending final determination whether Mosher's rights under the United States Constitution and the Virginia Constitution had been violated, and to enjoin permanently future inspections of Mosher's facilities without a valid warrant based on probable cause and limited in scope.

The Commissioner, on behalf of herself and the Department, filed a plea in bar and a demurrer. In the plea, the Commissioner stated that since Mosher had made no showing "that any false statement knowingly and intentionally, or with reckless disregard for the truth" had been included in either affidavit or "that any such false statement was necessary to the finding of probable

cause," Mosher had stated no claim for quashing the warrant or declaring it void.

In her demurrer, the Commissioner asserted that Mosher lacked standing to contest the criminal prosecution of its plant manager. The Commissioner further stated that Mosher was not entitled to proceed by declaratory judgment because its Fourth Amendment rights were adequately protected by issuance of the warrant and Mosher has an adequate remedy for other rights through review of any citation issued as a result of the inspection. The Commissioner stated that Mosher had stated no facts that would show irreparable injury or inadequacy of Mosher's remedy at law.

In a cross-bill previously filed, the Commissioner sought to have the trial court adjudge Mosher to be in civil contempt for repeated defiance of the inspection warrant and to order Mosher to submit to inspection without interference.

By final order entered August 8, 1984, the trial court, without specifically passing on the special plea and demurrer, ruled that the warrant was valid, that Mosher could not maintain its declaratory judgment action, and that Mosher was in civil contempt for interfering with the execution of the inspection warrant. The court ordered the Commissioner to make an inspection on a date to be determined by her, enjoined Mosher from interfering with the inspection, and dismissed the proceeding.

*Camara* v. *Municipal Court,* 387 U.S. 523 (1967), and *See* v. *City of Seattle,* 387 U.S. 541 (1967), established that administrative searches of private residences and commercial enterprises must be made pursuant to warrants to avoid being invalidated as "unreasonable" under the Fourth Amendment. Because administrative searches are significant intrusions on interests protected by the Fourth Amendment, they may be conducted only where justified by probable cause. *Camara,* 387 U.S. at 534. Probable cause for issuance of an administrative inspection warrant exists if the inspection is based on "reasonable legislative or administrative standards." *Id.* at 538. A judicial determination of reasonableness is needed, the Supreme Court explained, so that "the decision to enter and inspect will not be the product of the unreviewed discretion of the enforcement officer in the field." *See,* 387 U.S. at 545. In applying these principles to a federal OSHA inspection, the Supreme Court held in a declaratory judgment proceeding that a warrant is required to insure that the inspection

is reasonable, is authorized by statute, is made pursuant to an administrative plan containing specific neutral criteria, and is properly limited in scope and object. *Marshall* v. *Barlow's, Inc.,* 436 U.S. 307, 323 (1978). While the attempted search of Mosher's Roanoke plant was undertaken pursuant to a warrant, Mosher contests the neutrality of the underlying plan, urging that it did not meet the *Barlow's* requirement of reasonable, objective, and fair standards.

■ Mosher contends that a declaratory judgment proceeding is the only method by which it can obtain judicial scrutiny of the attempted search and the general schedule inspection program. Code § 8.01-184 provides that declaratory relief is proper in cases of "actual controversy," cases involving "actual antagonistic assertion and denial of right." A justiciable controversy involves specific adverse claims based on present facts that are ripe for adjudication. *Reisin* v. *Aetna Life & Cas. Co.,* 225 Va. 327, 331, 302 S.E.2d 529, 531 (1983); *Historic Landmarks Com.* v. *Louisa Co.,* 217 Va. 468, 476, 230 S.E.2d 449, 454 (1976); *Bd. Sup. James City County* v. *Rowe,* 216 Va. 128, 132, 216 S.E.2d 199, 204-05 (1975); *City of Fairfax* v. *Shanklin,* 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964).

A hypothetical or abstract interest is insufficient to confer standing to bring a declaratory judgment action. *See Fairfax County* v. *Southland Corp.,* 224 Va. 514, 520-21, 297 S.E.2d 718, 721 (1982); *Henrico County* v. *F.&W., Inc.,* 222 Va. 218, 224, 278 S.E.2d 859, 862 (1981). Hence, Mosher would be unable to bring this action apart from the warrant proceeding as its rights would not be "immediately threatened." *See Gooden* v. *Brooks,* 39 N.C. App. 519, 522, 251 S.E.2d 698, 701, *appeal dismissed,* 298 N.C. 806, 261 S.E.2d 919 (1979).

The Commissioner argues that Mosher is not entitled to bring this action even in conjunction with the warrant proceeding. We disagree. This dispute involves an assertion and denial of right through Mosher's attack on the constitutionality of the Commissioner's intrusion on its privacy interests. If Mosher elects to exhaust its administrative remedies by allowing the inspection before challenging its validity, the challenge may be mooted by the Commissioner's decision to issue no citations. *See B. B. Andersen Construction Co.* v. *Donovan,* 11 O.S.H. Cas. (BNA) 1489, 1491 (10th Cir. 1983); *Matter of Kulp Foundry, Inc.,* 691 F.2d 1125, 1129 (3d Cir. 1982). We have held that where there is no admin-

istrative remedy equal to the relief sought, a complainant in a declaratory judgment proceeding, having no adequate legal remedy by judicial review, properly states a justiciable cause of action. *Rowe,* 216 Va. at 133, 216 S.E.2d at 205; *see Gayton Triangle* v. *Henrico County,* 216 Va. 764, 766-67, 222 S.E.2d 570, 572 (1976) (exhaustion not required where administrative action will not remedy the impairment of rights); *see also Weyerhaeuser Co.* v. *Marshall,* 592 F.2d 373, 376 (7th Cir. 1979) (exhaustion not required where no benefit gained); *Donovan* v. *Mosher Steel Co.,* 11 O.S.H. Cas. (BNA) 1964, 1966 (N.D. Ala. 1984) (counterclaim for declaratory relief in contempt proceedings proper where legal remedy inadequate and possibility of constitutional infringement is present).

The Commissioner argues that declaratory relief is inappropriate in this case because Mosher failed to challenge the affidavits by the method approved in *Franks* v. *Delaware,* 438 U.S. 154 (1978). In *Franks,* the Supreme Court recognized the presumption of truthfulness of affidavits supporting search warrants. *Id.* at 164-65. Establishing a limited procedure for impeachment of such affidavits, however, the Court approved the holding of an evidentiary hearing where the complaining party makes a substantial preliminary showing of deliberate falsehood or reckless disregard for the truth of statements in the affidavit necessary to the finding of probable cause. *Id.* at 171. Thus, in a criminal case where good faith of the affiant is in issue, evidence may be adduced beyond the four corners of the affidavit. The same principle has been extended to civil administrative warrants based on affidavits alleging specific violations. *See West Point-Pepperell, Inc.* v. *Donovan,* 689 F.2d 950, 959 (11th Cir. 1982); *Marshall* v. *Horn Seed Co., Inc.,* 647 F.2d 96, 104 (10th Cir. 1981); *Matter of J. R. Simplot Co.,* 640 F.2d 1134, 1138 (9th Cir. 1981), *cert. denied,* 455 U.S. 939 (1982). We agree that in such a case, absent a *Franks* showing, the validity of the warrant may be contested only if a citation is issued pursuant to inspection, and the challenge then will be limited to the information furnished the issuing judge. Prompt execution of the warrant is required to meet the danger arising from specified acts or omissions; service of the warrant places the employer in approximately the same position as a person served with a search warrant in a criminal case.

In the present case, there is no allegation in the affidavits of a specific violation or imminent danger. The affidavits merely sup-

port an application for a warrant authorizing a general inspection in accordance with a planned schedule to determine whether there are violations of the occupational health and safety laws. There is no urgency requiring prompt execution of a warrant for such an exploratory search before the validity of the underlying plan is tested. A general inspection warrant comes uncomfortably close to being the kind of warrant proscribed by the Virginia Bill of Rights, Article I, Section 10 of the Virginia Constitution, as follows:

> That general warrants, whereby an officer or messenger may be commanded to search suspected places without evidence of a fact committed, or to seize any person or persons not named, or whose offense is not particularly described and supported by evidence, are grievous and oppressive, and ought not to be granted.[1]

We hold that an employer need not make a *Franks* showing to contest the validity of a warrant and its underlying plan for a general inspection by adducing evidence beyond the limits of the supporting affidavit.[2] An employer who challenges the plan on which the general inspection warrant is based is entitled to seek a pre-search declaratory judgment to determine the constitutional validity of the plan. We acknowledge that this holding may result in frustrating delays in the enforcement of occupational safety and health laws, but the constitutional principle at stake is of overriding importance. *See Donovan v. Athenian Marble Corp.*, 535 F. Supp. 176, 180 (W.D. Okla. 1982) (court noted that where an employer attacks the validity of the OSHA plan upon which the warrant is based, courts have shown "a willingness to look behind the affidavit and supporting materials to determine whether the plan was derived from neutral sources and is being applied in a reasonable and nondiscriminatory fashion").

Mosher contends that the trial court erred in upholding the constitutional validity of the inspection warrant. It is an estab-

---

[1] Although the issue of the validity of a general inspection warrant under the Virginia Constitution was framed by the pleadings, it was not briefed and argued by the parties and is not here decided.

[2] *Contra Donovan v. Hackney, Inc.*, 583 F. Supp. 773, 778 (W.D. Okla. 1984); *In re Establishment Inspection of Texas Tank Car Works*, 1984 O.S.H. Dec. (CCH) ¶26,808, at 34,292 (N.D. Tex. 1984); *Erie Bottling Corp. v. Donovan*, 539 F. Supp. 600, 604 (W.D. Pa. 1982).

lished Fourth Amendment principle that probable cause for issuance of a warrant can be based only on factual allegations and not on bare conclusions. *United States* v. *Leon,* 104 S.Ct. 3405, 3417 (1984); *Illinois* v. *Gates,* 462 U.S. 213, 239 (1983); *Aguilar* v. *State of Texas,* 378 U.S. 108, 113-14 (1964) (overruled by *Illinois* v. *Gates* on another issue); *Nathanson* v. *United States,* 290 U.S. 41, 46-47 (1933); *see Fagan* v. *Commonwealth,* 220 Va. 692, 694, 261 S.E.2d 320, 322 (1980); *Guzewicz* v. *Commonwealth,* 212 Va. 730, 733, 187 S.E.2d 144, 146 (1972); *Wiles* v. *Commonwealth,* 209 Va. 282, 285, 163 S.E.2d 595, 597 (1968). The warrant process functions to insure that a neutral and detached judicial officer makes the probable cause determination based on a factual recital of "some of the underlying circumstances" from which the affiant's conclusions were formed. *Aguilar,* 378 U.S. at 114. Otherwise, the magistrate becomes nothing more than a "rubber stamp" for enforcement officials. *United States* v. *Ventresca,* 380 U.S. 102, 109 (1965); *Weyerhaeuser,* 592 F.2d at 378.

■ If an administrative inspection is not based on specific evidence of an existing violation, the Fourth Amendment requires a showing that reasonable legislative or administrative standards for inspection are satisfied with respect to the particular establishment to be inspected. *Barlow's,* 436 U.S. at 320; *Camara,* 387 U.S. at 538-39. The warrant application must provide the judicial officer with factual allegations sufficient to justify an independent determination that the inspection program is based on reasonable standards and that the standards are being applied to a particular employer in a neutral and nondiscriminatory manner. *See Matter of Northwest Airlines, Inc.,* 587 F.2d 12, 14-15 (7th Cir. 1978); *Donovan* v. *Enterprise Foundry, Inc.,* 581 F. Supp. 1433, 1440 (D. Me. 1984); *Gooden,* 39 N.C. App. at 525-28, 251 S.E.2d at 703-04.

■ In addition to describing the procedure by which an employer is selected for an administrative inspection, the affidavit must provide the specific facts underlying each step of the selection process.[3] If a selection is based on an industry's high hazard

---

[3] But see cases holding that description of the selection procedure, without any underlying data showing the basis of industry and employer selection, satisfies *Barlow's* requirements and establishes probable cause to inspect. *Donovan* v. *Wollaston Alloys, Inc.,* 695 F.2d 1, 5 (1st Cir. 1982); *Stoddard Lumber Co., Inc.* v. *Marshall,* 627 F.2d 984, 988-89 (9th Cir. 1980); *Matter of Establishment Inspection, Etc.,* 589 F.2 1335, 1341-43 (7th Cir.), *cert. denied,* 444 U.S. 884 (1979); *Donovan* v. *Hackney, Inc.,* 583 F. Supp. 773, 778-

ranking, the application must reveal specific empirical data resulting in that ranking. Otherwise, a warrant could issue upon the bare conclusions and unchecked discretion of some unnamed bureaucrat. The warrant-issuing official must be given sufficient details by which to test the reasonableness of the decision to inspect. Similarly, if a particular employer is selected because of a high injury rate, the affiant must substantiate the alleged injury rate with statistics. Furthermore, to insure against arbitrary inspections of a particular employer, the application should recite the employer's own inspection history and the status of general schedule inspections of all employers subject to inspection by the regional division of the inspecting agency. Judged by these standards, the warrant application in this case is inadequate.

First, the affidavits do not provide sufficient information to allow a finding that the inspection plan is reasonable or based on neutral criteria. Small's sworn statement merely recited the conclusions of unnamed federal OSHA officials who classified the structural steel industry as the fourth most hazardous industry in the Commonwealth. Neither Small's nor Powell's affidavit provided any of the specific criteria on which the hazard ranking was based. The judge must be able to determine that the procedure for designating high-hazard industries is neutral before he can conclude that the inspection plan is neutral. *See Donovan v. Gretna Machine and Ironworks, Inc.,* 11 O.S.H. Cas. (BNA) 1218, 1220 (E.D. La. 1983). A bare allegation that the inspection is part of an administrative plan and that the establishment is in a high-hazard industry is not enough to establish probable cause. *See Iris Rubber Co.,* 10 O.S.H. Cas. (BNA) 1227, 1228 (1981) (decision of an Indiana state circuit court). Where the warrant application and accompanying materials fail to give any insight into how OSHA's establishment lists are compiled or why a particular employment group is selected for inspection under the plan, the application should be denied for failure to establish probable cause to inspect. *See In re Establishment Inspection of G. H. Hensley Adco Bucket Division,* 1981 O.S.H. Dec. (CCH) ¶25,483, at 31,776 (N.D. Tex. 1981).

Second, the affidavits accompanying this warrant application provide insufficient support for a finding that the administra-

79 (M.D. Okla. 1984); *Ingersoll-Rand Co. v. Donovan,* 540 F. Supp. 222, 224 (W.D. Pa. 1982); *Erie Bottling Corp. v. Donovan,* 539. F. Supp. 600, 603-06 (W.D. Pa. 1982); *Donovan v. Athenian Marble Corp.,* 535 F. Supp. 176,178-79 (W.D. Okla. 1982).

tive inspection plan is being applied to Mosher on a neutral, non-discriminatory basis. The affidavits did indicate that there were no higher priority inspections remaining in the Roanoke area. *See Marshall* v. *Weyerhaeuser Co.,* 456 F. Supp. 474, 483-84 (D. N.J. 1978); *Reynolds Metals Co.* v. *Secretary of Labor,* 442 F. Supp. 195, 197, 200-01 (W.D. Va. 1977). But this information alone does not demonstrate neutral application. The affidavits should have revealed Mosher's inspection history to assure the issuing officers that there was no "harassment or subterfuge" in the selection process. *See G. H. Hensley,* 1981 O.S.H. Dec. (CCH) at 31,775; *Weyerhaeuser,* 456 F. Supp. at 483; *see also Reynolds Metals,* 442 F. Supp. at 200-01 (where other criteria satisfied and factual showing that no prior inspection of plant in entire six years OSHA in existence, plan and application to particular establishment were reasonable).

We hold that factual allegations sufficient to inform the judicial officer of the reasonableness of the requested inspection were required. Absent such allegations, the officer has no basis for an informed decision on the existence of probable cause. Issuance of a warrant in these circumstances leaves the decision of whom to search and when to search to the unrestrained discretion of enforcement officials. The warrant issued for inspection of Mosher's Roanoke plant violated the Fourth Amendment and cannot stand.

Mosher has also raised the question whether in a declaratory judgment proceeding it may conduct discovery into the design and operation of the administrative inspection on which a warrant is based. But the trial court did not rule on this question, and any opinion we might express at this time would be premature and merely advisory. Hence, we decline to address the discovery issue in this appeal. *See Beatrice Pocahontas Co.* v. *Shortridge,* 229 Va. 80, 84, 326 S.E.2d 677, 679 (1985).

We will reverse the judgment of the trial court and dismiss the inspection warrant.

*Reversed and dismissed.*