# CIRCUIT COURT OF ALBEMARLE COUNTY

Christine Solem

v.

J. Carlton Courter, III,
Commissioner of Agriculture
and Consumer Services

November 21, 2001

Case No. CH01-12059

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court as a Bill for Declaratory and Injunctive Relief filed by the plaintiff, Ms. Solem, against the defendant, J. Carlton Courter, III, Commissioner of Agriculture and Consumer Services. The issue in this case is whether Virginia Code § 3.1-399 permits the Commissioner to search the plaintiff's private home without a warrant where goat cheese is being made. After hearing argument from both parties on October 26th, 2001, the Court took the matter under advisement and now rules in favor of the plaintiff. The Commissioner and his authorized agents are hereby enjoined from attempting a warrantless search of Ms. Solem's house under § 3.1-399 of the Virginia Code to inspect plaintiff's production of goat cheese.

*Factual Findings*

The plaintiff, Ms. Solem, lives here in Albemarle County on a small, private ten acre farm. She keeps an average of sixteen dairy goats on her farm from which she derives personal sustenance in the form of milk, cheese, butter, meat, and fertilizer. Since 1990, Ms. Solem has sold some of her surplus fresh raw goats' cheese at the Charlottesville Farmer's Market, and

she has also sold the goats' cheese to consumers directly from her farm for the past twenty years.

On June 22, 1999, agents of the Virginia Department of Agriculture and Consumer Services entered Ms. Solem's farm, without prior notice and without a warrant, and requested entry to inspect the portions of Ms. Solem's farm and home in which she prepared or stored food intended for sale. After Ms. Solem denied entry, the agents returned later that afternoon with a warrant and searched Ms. Solem's home, taking pictures and samples of cheese from her refrigerator.

Ms. Solem was subsequently charged in Albemarle County General District Court with six misdemeanor violations of the Virginia Food Laws, including a charge under § 3.1-388(e), Va. Code Ann. (2001), for refusing "to permit entry or inspection, or to permit the taking of a sample, as authorized by § 3.1-399." Section 3.1-399 gives the Commissioner and his agents "free [warrantless] access at all reasonable hours to any factory, warehouse, or establishment in which foods are manufactured, processed, packed, or held for introduction into commerce" in order to inspect the premises and take food samples.

The General District Court dismissed the charge against Ms. Solem for refusing warrantless entry to the agents, claiming that no crime had been committed. However, it does not appear that the General District Court ruled specifically on the constitutionality of § 3.1-399. Ms. Solem has stated in her pleadings that she intends in the future to continue making goats' cheese in her home for sale at the Charlottesville Farmer's Market. She therefore seeks a declaratory judgment from this Court that § 3.1-399 of the Virginia Code is unconstitutionally overbroad as applied to the search of her home for goats' cheese. Ms. Solem also asks the Court to enjoin the Department from carrying out future warrantless searches on her property pursuant to § 3.1-399.

## Questions Presented

I. Whether an "actual controversy" exists between the parties such that declaratory relief is proper in this case under Va. Code § 8.01-184.

II. Whether a warrantless search conducted under Va. Code § 3.1-399 is constitutionally overbroad as applied to Ms. Solem's house to search for goats' cheese.

*Legal Arguments and Conclusions*

I. *Declaratory Relief Is Proper in This Case under Va. Code § 8.01-184.*

Under Virginia's Declaratory Judgment Act, Va. Code Ann. §§ 8.01-184 through 8.01-191, a circuit court has the authority to make "binding adjudications of right" in cases of "actual controversy" provided there is an "antagonistic assertion and denial of right." Va. Code Ann. §§ 8.01-184 through 8.01-191 (2001); *USAA Casualty Ins. Co. v. Randolph*, 255 Va. 342, 345, 497 S.E.2d 744, 746 (1998). A justiciable controversy "involves specific adverse claims based on present facts that are ripe for adjudication." *Mosher Steel-Virginia, Inc. v. Teig*, 229 Va. 95, 100, 327 S.E.2d 87, 91 (1985).

The Department of Agriculture and Consumer Services, hereinafter "the Department," argues declaratory judgment does not lie in this case because there is no actual controversy between the parties. Although the Department filed charges against Ms. Solem for not permitting the agents to search her home under § 3.1-399, the General District Court dismissed the charges; consequently, the Department argues there is no "case or controversy" in the present matter because it is not a crime in Albemarle County for Ms. Solem to refuse entry under the statute. The Department further argues that, if this matter had ever been ripe for judicial action, such is no longer the situation. In support of this argument, the Department emphasizes that it has not attempted to search Ms. Solem's home since June 22, 1999, the date of the underlying incident for which she was charged; nor does the Department intend to do so in the future. The Department also asserted during oral argument that it has never in the past entered onto a person's private property pursuant to a warrantless search under § 3.1-399 without first acquiring the owner's consent.

The Court disagrees with the Department and finds that this matter does present an adequate "case or controversy" that is ripe for declaratory judgment. Although it does not appear that Ms. Solem can be prosecuted criminally for refusing future warrantless searches under § 3.1-399, the dismissal of criminal charges by the General District Court does not completely remove the threat to Ms. Solem of future warrantless searches. Nothing within the text of § 3.1-399 or within the ruling of the General District Court prevents the Department from conducting warrantless searches of Ms. Solem's home in the future. The lower court's ruling merely prevents Ms. Solem from being prosecuted for refusing search under the statute.

Even assuming that Ms. Solem will not face future criminal prosecution for refusing these searches, the high probability that such harassing searches will again be attempted under the purported authority of § 3.1-399 unfairly

subjects Ms. Solem to fear and anxiety regarding the scope of her Fourth Amendment freedoms. Ms. Solem has repeatedly indicated to the Court her intent to continue the manufacture of goats' cheese in her home for sale in farmers' markets. Based on the Department's previous attempted search and Ms. Solem's intent to continue pursuing the types of activities that the Department seeks to regulate, the Court finds that an actual controversy exists in the form of an immediate threat to Ms. Solem's Fourth Amendment rights. The mere statement from the Department that it does not intend to search Ms. Solem's home again under § 3.1-399 is not sufficient to remove this threat.

II. *Section 3.1-399 of the Virginia Code is unconstitutionally overbroad as applied to the search for goats' cheese in Ms. Solem's private home.*

Section 3.1-399 permits the Commissioner (or his agents) of the Virginia Department of Agriculture and Consumer Services to search, without a warrant, any "establishment in which foods are manufactured, processed, packed, or held for introduction into commerce." Section 3.1-399, Va. Code Ann. The purpose of the search is to determine if anyone making food for sale in Virginia is violating the provisions of the Virginia Code that regulate food and drink. See *id.* The Department argues that because Ms. Solem makes goats' cheese in her home and sells the cheese at farmers' markets in Virginia, she is subject to warrantless searches in her home where she makes and stores the cheese for sale.

The general rule is that warrantless administrative searches of residences, see *Camara v. Municipal Court of San Francisco*, 387 U.S. 523, 18 L. Ed. 2d 930, 87 S. Ct. 1727 (1967), and private commercial property, see *See v. City of Seattle*, 387 U.S. 541, 18 L. Ed. 2d 943, 87 S. Ct. 1737 (1967), are presumptively unreasonable under the Fourth Amendment of the United States Constitution. However, an exception to the rule allows warrantless searches of "pervasively regulated industries" provided that four constitutional criteria are met: (1) the state must have a substantial interest in regulating the industry; (2) regulation of the industry must reasonably serve the state's interest and warrantless searches must be necessary to enforce this interest; (3) the statute authorizing the search must inform a person operating in the industry that regular inspections will be made and set out the scope of the inspection notifying the owner how to comply; and (4) the search must be limited in time, place, and scope. *New York v. Burger*, 482 U.S. 691, 703, 96 L. Ed. 2d 601, 107 S. Ct. 2636 (1987); *Johnson v. Commonwealth*, 26 Va. App. 674, 682, 496 S.E.2d 143, 146 (1998); *McCauley v. Commonwealth*, 17 Va. App. 150, 152, 435 S.E.2d 891, 892 (1993).

To justify a warrantless search on the grounds of "pervasive regulation," the government must show that the business is so heavily regulated that the owner understands that simply by "embarking upon such a business, he has voluntarily chosen to subject himself to a full arsenal of government regulation." *United States v. Biswell*, 406 U.S. 311, 313, 32 L. Ed. 2d 87, 92 S. Ct. 1593 (1972). The rationale behind the exception is the principle that by choosing to engage in a "pervasively regulated industry," the business owner has implicitly waived his Fourth Amendment right not to be subject to a warrantless administrative search. *Id.* at 316. In determining whether a business is "pervasively regulated," courts look at such factors as: (1) whether a license must be obtained to operate the business, which usually requires that a fee be paid and certain requirements met, (2) whether the owner must follow regulations subject to penalties when not complied with, (3) whether detailed records must be kept by the owner, (4) whether other states also heavily regulate the particular industry, (5) whether the state has a history of regulating the business for a long period of time, and (6) whether similar fields of industry are also heavily regulated. See *New York v. Burger*, 482 U.S. 691, 96 L. Ed. 2d 601, 107 S. Ct. 2636 (1987) (holding the automobile junkyard business is a pervasively regulated industry and permitting a warrantless search under state law).

In the present matter, Ms. Solem argues and the Court agrees that the manufacture and sale of goats' cheese is not a "pervasively regulated industry" in the state of Virginia. The Department failed to produce any evidence at trial that would establish the making of goats' cheese as a heavily regulated industry. Nor does the industry appear to satisfy any of the criteria suggested in Burger for defining "pervasive regulation." For example, Virginia does not require farmers to obtain a license to make and sell goats' cheese at farmers' markets, and such farmers are not required to keep detailed records of their businesses. Because Ms. Solem is not required to be licensed and there are no specific regulations governing the making of goats' cheese, it is improper to conclude that she somehow implicitly agreed to a reduced expectation of privacy within her own home when she began making goats' cheese. See *New York v. Burger*, 482 U.S. 691, 702, 96 L. Ed. 2d 601, 107 S. Ct. 2636 (1987) (holding that an owner of commercial premises in a "closely regulated industry" has a reduced expectation of privacy).

Because the manufacture and sale of goats' cheese is not a "pervasively regulated industry" in Virginia, the administrative search exception does not apply to searches performed by the Department on Ms. Solem's private property to inspect her goats' cheese industry. Without ruling on whether § 3.1-399 meets the four constitutional requirements for warrantless administrative searches as described in *Burger*, the Court holds that the

statute is unconstitutional as applied to a person's private property for the purpose of inspecting his or her goats' cheese industry. For the reasons stated above, the Court finds in favor of the plaintiff and hereby enjoins the Department of Agriculture and Consumer Services from performing warrantless searches on Ms. Solem's property under § 3.1-399, Va. Code Ann., for the purpose of inspecting her goats' cheese industry.