## CIRCUIT COURT OF GREENE COUNTY

Pedigo

 v.

Flattop Mountain
Landowners' Association, Inc.

Case No. CL06-000110-00

BY JUDGE DANIEL R. BOUTON

December 7, 2006

The court has had an opportunity to review the written arguments that have been submitted in connection with the plea in bar filed by the defendant. The court has also studied the pleadings and given further consideration to the rulings that were made on the demurrer and the motion craving oyer. At this point, the court finds itself in an unusual position in that it does not agree with either party about the procedural status of the case. Specifically, the court does not find that it should rule at this stage of the proceedings on whether the plea in bar constitutes the proper device for raising the question of whether the necessary parties are before the court. In the court's view, it is not yet necessary to address the merits of the competing arguments on this issue. Rather, there is at least one other point that must be resolved before the court turns its attention to the plea in bar. As a result, I am writing to advise you how the case will go forward at this point and to provide you with the court's rationale for proceeding in this way.

To begin with, Count I and Count II are completely different with respect to the relief that is requested by the plaintiff. Count I seeks a declaratory judgment, which the court has the authority to adjudicate under the

provisions of § 8.01-184 of the Code of Virginia. On the other hand, Count II seeks broad, sweeping injunctive relief under the provisions of § 55-515 of the Code of Virginia. In light of the written arguments submitted by counsel, the court finds that the pleadings for each count raise issues that should be reviewed by counsel before the court rules on the plea in bar.

Turning to the issues raised by Count I, there is a legitimate question as to whether the pleadings of the plaintiff adequately state the basis of an "actual controversy" between the plaintiff and the defendant. That term has been discussed and defined by a plethora of cases that have been decided by the Supreme Court of Virginia, and the court is persuaded that the pleadings in this case must be carefully examined in light of the principles set forth in such cases. In the absence of an "actual controversy" between the parties to the case, declaratory judgment is not an available remedy; this rule would apply regardless of whether all of the necessary parties are yet before the court. Therefore, in the court's view, whether an "actual controversy" exists and whether it has been sufficiently stated in the pleadings must first be resolved.

It should be noted that the defendant makes reference to the "actual controversy" issue on page 10 of its brief in support of the plea in bar. The plea, however, is not the proper procedural mechanism to raise the question; a plea in bar does not require the court to address or test the sufficiency of the pleadings. Moreover, the plaintiff never argued that his pleadings sufficiently state an "actual controversy." He was not required or expected to do so since the only matter before the court at this time is the plea in bar, and he should be given a full and fair opportunity to address this point.

In light of the above discussion, the court finds that, because the question of an "actual controversy" is critical, it must be addressed at this stage of the proceedings. Therefore, counsel for the defendant will be granted leave to file a demurrer or any other responsive pleading that is deemed appropriate on this point. The demurrer or responsive pleading shall be filed on or before January 5, 2007. In the event that the defendant chooses to make a filing, a memorandum shall be included in support of it. Within twenty-one days of the date of the filing of any pleading and memorandum, the plaintiff shall have twenty-one days to file a memorandum in response. Copies of the memoranda shall also be mailed directly to me at my Orange address.

Counsel should also confer with one another regarding whether the parties will agree to allow the court to rule on the issue based on the written arguments. If both sides are in agreement, the question will be decided by the court based on the memoranda that are submitted. If either or both sides wish to present oral argument, a hearing will be scheduled for that purpose. Therefore, when you mail copies of your written arguments to my Orange

office, please include a short letter that advises the court whether any request will be made for oral argument. In the event that a hearing must be conducted, my administrative assistant, Sharron Frazier, will contact your respective offices to coordinate a date.

If the defendant chooses not to raise the issue of whether an "actual controversy" exists based on the pleadings that have been filed, Mr. Terrell shall advise Mr. Simpson of this decision. A letter to this effect should also be filed, and a copy of the letter should be mailed to me at my Orange office. I will then determine how the disputed issues raised by the plea in bar will be resolved.

With respect to Count II, the power vested in the court to grant injunctive relief is far broader and more sweeping than what is available to the court under the declaratory judgment statute. As noted previously, the claim of the plaintiffs for an injunction is premised on the application of § 55-515 of the Code of Virginia. This particular statute is an integral part of the Property Owners' Association Act that is contained in § 55-508 et seq. of the Code of Virginia. Therefore, before the court can proceed to a trial on the merits under Count II based on the pleadings that have been filed, it must first be determined whether Flattop Mountain falls within the purview of Virginia's Property Owners' Association Act. This determination must be made in accordance with the principles that were clearly articulated in the case of *Dogwood Valley Citizen's Assn. v. Winkleman*, 267 Va. 7, 590 S.E.2d 358 (1997), and the case of *Anderson v. Lake Arrowhead Civic Assn.*, 253 Va. 264, 483 S.E.2d 209 (1997).

The court has previously overruled a demurrer that raised this issue because the pleadings sufficiently allege the applicability of the Act. In the court's view, however, the question of whether the plaintiff can establish that the statute applies is a matter that can be decided by the court prior to trial. This determination must be made based on written, recorded documents (or the lack thereof). Once the relevant documents have been elicited, the ruling on the applicability of the Act would be a matter of law for the court to decide. Some simple discovery to obtain the necessary documents could easily be propounded, and the court could then decide the issue by way of a motion for summary judgment.

In making the above observations and raising the issue of the Property Owners' Association Act, the court in no way directs or suggests that either side must proceed with such a motion. Perhaps counsel have reviewed the relevant documents, conferred about their interpretation, and agree that the subdivision is governed by the Act. The court leaves such discussions to the

sound judgment of counsel. Nevertheless, because the issue is central to a resolution of Count II and how that claim will be addressed in this case, it is brought to your attention for any action deemed appropriate.

May 4, 2007

I am writing to advise you of the court's ruling on the outstanding demurrer in the above referenced case.

*Introduction and Procedural History*

The case is before the court based on the plaintiff's request in Count One of his complaint that the court grant him relief in the form of a declaratory judgment. The claim stems from the restrictive covenants that apply to the property owners of the Flattop Mountain Subdivision. Among other things, the covenants provide for the formation of a homeowner's association to administer the affairs of the subdivision. Here, the plaintiff's action for declaratory judgment seeks relief against the association with regard to how the covenants should be construed, interpreted, and applied. Specifically, based on the covenants, the plaintiff asks the court to declare that the subdivision roads are private and that the association has no authority to make any agreement that allows for the use of the roads by those who do not own property in the subdivision.

A number of different pleadings were filed by the defendant in response to the plaintiff's complaint. In particular, the defendant filed a motion craving oyer that requested the court to order the plaintiff to produce the agreements that were purportedly made by the association and that are referred to in the pleadings. The court granted the motion, and the plaintiff complied with the court's order by filing a response; in doing so, however, the plaintiff was unable to produce or identify any agreement made by the association regarding the use of the roads. The court then advised counsel in a letter dated December 7, 2006, about its concerns regarding the procedural status of the case. As a result, the defendant filed the demurrer to Count One that is before the court.

*Issue To Be Decided*

Do the pleadings set forth sufficient facts to justify a request for relief under Va. Code § 8.01-184, Virginia's Declaratory Judgment Statute?

*Analysis*

The principles of law that govern actions for declaratory judgment in Virginia are well established. Mr. Terrell has provided an excellent summary of them on pages four and five of his written demurrer. In the present case, the crux of the dispute is whether the pleaded facts set forth an "actual controversy" between the plaintiff and the defendant. In order to overrule the demurrer, the court must find that the pleaded facts set forth "specific adverse claims" that are "ripe for judicial adjustment." *City of Fairfax v. Shanklin*, 205 Va. 227, 135 S.E.2d 773 (1964); *Mosher Steel-Virginia v. Teig*, 229 Va. 95, 327 S.E.2d 87 (1985); *Blue Cross v. St. Mary's Hospital*, 245 Va. 24, 426 S.E.2d 117 (1993). If the facts establish nothing more than a disagreement between the parties, the court has no authority to act. The Supreme Court of Virginia has made it clear that an action for declaratory judgment is not available to provide a litigant with an advisory ruling or a judicial opinion that can be relied on as a guide to future actions. *Erie Ins. Group v. Hughes*, 240 Va. 165, 393 S.E.2d 210 (1990); *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 302 S.E.2d 529 (1983).

In the case before the court, the problem with the plaintiff's argument is that the pleaded facts do not set forth any present or existing dispute between him and the association. To begin with, Pedigo asserts that the Flattop Mountain Landowner's Association "has taken the position that the subdivision roads are open to the public." At best, this is nothing more than a statement that the association has formed an opinion or expressed a view with which Mr. Pedigo is in disagreement. In other words, the plaintiff does not like the "position" that he asserts the association has taken on this issue. Nevertheless, these are not facts that include any specific adverse claims between the plaintiff and the defendant that are now ready to be resolved through a judicial proceeding.

Furthermore, the other allegations contained in the pleadings do not form the basis for any relief in the form of a declaratory judgment. In paragraph sixteen of his pleadings, the plaintiff maintains that the association takes the "position" that it "has the authority to enter into agreements with non-lot owners granting them permission to use the subdivision roads." In the next paragraph, the plaintiff alleges that there has been a violation of the restrictive covenants because of "actions of defendant in entering into agreements with non-lot owners granting them permission to use the subdivision roads in violation of the CC&Rs." However, in ruling on the demurrer, the court must consider both the pleaded facts and the plaintiff's response to the motion craving oyer. *Wards Equipment, Inc. v. New Holland*

*North America, Inc.*, 254 Va. 379, 493 S.E.2d 516 (1997). As noted previously, the plaintiff was unable to produce any agreement that was made by the association regarding the use of the subdivision roads. Moreover, the response to the motion craving oyer demonstrates that the actions of the defendant that are complained of in paragraph seventeen of Count One refer to the 2000 hunting season. Therefore, there are no pleaded facts in which the association is alleged to have taken any recent action regarding the roads and no allegations that the association exercised or was attempting to exercise any authority under the covenants at the time that the plaintiff filed his complaint.

Finally, the court must emphasize that the pleadings contain no facts that demonstrate or even suggest that the association is presently involved in any controversy regarding the use of the subdivision roads. There is no assertion that the association is on the verge of making a binding agreement that would allow the roads to be used by persons who do not reside in the subdivision. There are no allegations that an agreement is being negotiated, discussed, or prepared.

The cases cited by the plaintiff do not support his position. First, the case of *River Heights Assocs. v. Batten*, 267 Va. 262, 591 S.E.2d 683 (2004), can easily be distinguished from the case that is before the court. There, a developer named Wendell Wood owned four lots in the subdivision that was the subject of dispute. He formulated plans to develop the property for commercial purposes and he commissioned an architect to make drawings and sketches of the proposed plans. Wood put the subdivision property owners' association on notice of what he intended to do with the property. In turn, the association advised him that any proposed commercial development would be in violation of the subdivision restrictive covenants. Both sides had retained counsel and litigation over the dispute was imminent.

Under these circumstances, the Supreme Court of Virginia found that the trial court correctly overruled the developer's demurrer to the bill of complaint for declaratory judgment. The court found that the dispute had reached the point where the contested issues were ready to be litigated and resolved. An actual controversy that was ripe for judicial adjudication existed and declaratory judgment was a proper remedy. Moreover, at trial, the Supreme Court of Virginia also agreed that there was sufficient proof to establish a justiciable controversy. In addition to the facts cited above, the court found that the developer and the property owners had participated in a meeting prior to the trial of the case. At that time, the developer offered to pay the sum of $50,000.00 to the lot owners to settle the controversy. The offer to pay money to resolve the case, along with the other facts, led the court to

conclude that a "justiciable controversy" between the parties had been proven. Here, there are no allegations in the pleadings regarding any disputed actions or settlement discussions between the homeowners' association and Pedigo.

A similar result was reached by the Supreme Court of Virginia in the case of *Hoffman Family, L.L.C. v. Mill Two Assocs.*, 259 Va. 685, 529 S.E.2d 318 (2000). *Hoffman Family, L.L.C.* parallels the case before the court in that it involved a dispute over what uses were permitted by the restrictive covenants that applied to the subdivision where the property in question was located. There, the trial judge overruled a demurrer that challenged whether a judiciable controversy had been pleaded, and the Supreme Court of Virginia affirmed the decision of the trial court. In this context, it is not necessary to repeat all of the facts that were germane to the *Hoffman Family, L.L.C.* court. What must be stressed, however, is that the primary reason why the court found that a justiciable controversy had been adequately pleaded is that specific, substantial steps had been taken to develop the property in question and that a clear dispute between adverse parties had come into existence. As the Supreme Court explained: "The record showed that Mill Two and Old Town Development have taken substantial steps, with significant financial expense, in developing specific plans for the development of residential and commercial buildings on parcels 9, 10, and 11. . . . Moreover, without a judicial resolution of the effect of the restrictive covenant in question the parties would be left without relief from the uncertainty and insecurity attendant upon the continuing controversy of their legal rights with regard to this covenant." *Id.*, at page 694. In contrast, the plaintiff can point to no pending controversy between him, the association, and any persons who are seeking an agreement to use the subdivision roads.

The case of *London Towne Homeowners Assn. v. Greene*, 27 Va. Cir. 504 (1990), is also not helpful to the plaintiff. There, the owners of undeveloped property in a subdivision vacated the existing plats and recorded new plats in anticipation of the future use of the land. The court granted the association's request for declaratory judgment and found that the parcels were encumbered by an implied negative reciprocal easement that restricted the use of the property. The facts that were central to the ruling there can be distinguished from those that are present in the case before the court. In *London Towne*, the property owners in question had taken specific actions to develop the property in a manner that was inconsistent with the limitations on use set forth in the recorded covenants. By attempting to vacate the existing plats and replat the lots, the controversy had reached the point where the dispute had ripened into potential litigation. Under these circumstances, a justiciable controversy existed, and an action for declaratory judgment was an

appropriate remedy. As stressed above, no pleaded facts suggest that the association has taken or is about to take any specific action regarding the use of the subdivision roads or the restrictive covenants.

Finally, the court has reviewed the brief submitted by Mr. Terrell regarding the cases that were presented by the plaintiff at oral argument. The court finds persuasive the arguments that Mr. Terrell sets forth on pages one through four of his brief. His arguments and his analysis are incorporated by reference in support of the court's reasoning.

For the reasons set forth above, the court finds that the pleadings do not set forth sufficient facts to allow for any relief under Virginia's declaratory judgment statute. Therefore, the demurrer to Count One will be sustained.

### Leave to Amend

In light of the court's ruling, the next question that must be decided is whether leave should be granted to the plaintiff to file an amended complaint. Rule 1:8 explicitly states that leave to amend "shall be liberally granted in furtherance of the ends of justice." Whether to grant such relief is a matter that rests within the sound discretion of the trial court.

At this point, there is nothing before the court to suggest that any prejudice would result to the defendant from granting leave to amend. Moreover, in this case, the court has not previously granted any request for the filing of amended pleadings. Under such circumstances, the Supreme Court of Virginia has found that it can be an abuse of discretion if a trial judge does not provide a litigant with an opportunity to file amended pleadings. *Mortarino v. Consultant Engineering Services*, 251 Va. 289, 467 S.E.2d 778 (1966). Therefore, if the plaintiff wishes to do so, the court concludes that he should be granted an opportunity to file an amended complaint at this stage of the litigation. It must be stressed, however, that any amended complaint should include facts and allegations that are consistent with the principles of law relied on by the court in this letter opinion.

The plaintiff shall have until June 1, 2007, to file an amended complaint if he chooses to do so. The defendant shall have until June 21, 2007, to file any responsive pleadings deemed appropriate.