BEATRICE POCAHONTAS COMPANY, ET AL.

V.

JERRY SHORTRIDGE

Record No. 840320

Decided March 8, 1985, at Richmond

Present: All the Justices

*Thomas R. Scott, Jr. (Street, Street, Street, Scott & Bowman,* on brief), for appellants.
*Gerald F. Sharp* for appellee.

COCHRAN, J., delivered the opinion of the Court.

The claimant, Jerry Shortridge, suffered a disabling injury in an industrial accident on April 2, 1980. His employer, Beatrice Pocahontas Company, and the employer's insurance carrier, Old Republic Insurance Company (collectively, the employer), agreed to compensate Shortridge at a rate of $199 per week based on his average weekly wage of $379.90 at the time of the injury. The Industrial Commission entered an award approving this agreement.

In October 1980, Shortridge began receiving additional benefits of $316.63 per month under the Federal Old-Age Survivors and Disability Insurance Act (Social Security Amendments of 1969). His federal disability benefit was increased to $351 per month as of July 1, 1983. Each of his children receives $18 per month in federal benefits. His wife received similar benefits of $18 per month, which terminated after delivery of a check dated July 1, 1983, covering the month of June.

Shortridge sought cost-of-living increases for 1980, 1981, and 1982, asserting that his combined worker's compensation and federal Social Security benefits amounted to less than 80% of his av-

erage monthly earnings before his disability. The Commission awarded cost-of-living allowances for all three years in issue.

■ Code § 65.1-99.1 provides that compensation for cost-of-living increases "shall at no time exceed the then current maximum weekly amount payable under § 65.1-54." Code § 65.1-54 establishes a ceiling for Virginia disability benefits based on the average weekly wage of the Commonwealth. The average weekly wage is computed yearly on or before January 1 for the 12-month period ending the preceding June 30 and becomes applicable the following July 1. *See* Code § 65.1-54. Accordingly, in awarding Shortridge cost-of-living increases, the Commission limited the cost-of-living awards to the maximum weekly amount then payable. On each July 1, when the statutory maximum amounts increased, the Commission allowed full cost-of-living allowances for the remainder of the period. The employer challenges this ruling by the Commission.

■ The employer relies on Code § 65.1-99.1, which states that any change in the cost-of-living supplement "shall become effective as of October one next following such determination date." It argues the Commission improperly awarded increased cost-of-living supplements each July 1 upon increase in the maximum weekly amount payable under Code § 65.1-54. The argument, however, is without merit. The Commission did not award separate cost-of-living increases effective July 1 and October 1 of each year. Instead, it determined claimant's entitlement each year as of July 1; each cost-of-living increase became effective the following October 1. But because of the limitation of Code § 65.1-54, the Commission restricted the amount payable to the statutory maximum amount then in effect. When the maximum increased on July 1 of each year, the Commission allowed payment of the full cost-of-living supplement already awarded. Each July 1 increase was merely a change in the payable amount of a previously awarded supplement, not a change in the cost-of-living supplement itself. Hence, Code § 65.1-99.1 did not prohibit the July 1 payment increases, and the full supplement was properly payable after each year's increase in the statutory maximum benefit.

■ The employer also challenges the Commission's interpretation of Code § 65.1-99.1 in determining whether a claimant is entitled to a cost-of-living supplement. The statute provides for such a supplement if the combined federal and state disability benefits of a "claimant or his dependents" are less than 80% of the aver-

age monthly earnings of the claimant before disability or death. The employer concedes that if Shortridge's own Social Security disability benefits are added to his monthly compensation rate, the total is less than 80% of his average monthly earnings before disability. It argues, however, that the Commission erred in not adding the additional Social Security benefits received by his dependents.

Shortridge's average weekly wage before disability was $379.90. This figure, multiplied by 52 weeks and divided by 12 months, produces an average monthly wage of $1,646.23, 80% of which is $1,316.98. Shortridge's compensation rate is $199 weekly, or $862.33 monthly. As the employer concedes, if his worker's compensation benefit of $862.33 is added to his own federal disability benefit, the combined benefit is less than 80% of $1,646.23, his average monthly wage before disability.[1] Even if the federal benefits paid to his wife and children are included in this computation, as employer urges they should be, the family's total federal disability benefit would be no greater than $405.[2] Hence, the combined disability benefits, $405 and $862.33, would be $1,267.33, which is still less than 80% of his average monthly earnings before disability. Because there would be no difference in outcome under either interpretation of the statutory language, this issue is not properly before us for resolution. We will not give an advisory opinion as to what benefits are properly includible in determining eligibility for cost-of-living supplements under § 65.1-99.1. *See Butler* v. *Butler,* 219 Va. 164, 167, 247 S.E.2d 353, 355 (1978); *City of Fairfax* v. *Shanklin,* 205 Va. 227, 229, 135 S.E.2d 773, 775-76 (1964).

■ Finally, the employer challenges the Commission's award which directed that future payments continue at the rate ordered "pending additional cost-of-living changes." The employer argues the Commission is without authority to direct future cost-of-living supplements absent application and proof of eligibility by Short-

---

[1] Shortridge initially received $316.63 monthly, but this federal disability benefit was increased to $351 per month as of July 1, 1983. Thus, the combined benefit total would be either $1,178.96 or $1,213.33. Each of these figures is less than $1,316.98.

[2] Shortridge's wife and each of his two children received monthly disability benefits of $18, but the wife's final benefit payment was July 1, 1983. Shortridge's own disability benefit was increased to $351 as of July 1, 1983; therefore, the total of their federal disability benefits peaked at $405 on this date and thereafter declined when the wife's benefits ceased upon her return to work.

ridge. The employer, however, contests an action not yet taken by the Commission; there is no evidence that additional cost-of-living changes have been awarded. Again, the employer's argument is raised prematurely and any opinion we might express would be merely advisory. We decline to address this issue until it is presented in a justiciable controversy that is ripe for decision.

We affirm the Industrial Commission's practice of allowing payment of previously awarded cost-of-living supplements immediately upon an increase in the statutory maximum amount payable, but hold that the other issues are not properly raised in this appeal. Accordingly, we will affirm the Industrial Commission's award.

*Affirmed.*