587 F.2d 12
 6 O.S.H. Cas.(BNA) 2070, 1978 O.S.H.D. (CCH) P 23,141
In the Matter of Establishment Inspection of NORTHWEST
AIRLINES, INC.
Appeal of Ray MARSHALL, Secretary of Labor.
 No. 77-2268.
 United States Court of Appeals,
Seventh Circuit.
 Argued Sept. 25, 1978.
Decided Nov. 8, 1978.
 
 Charles Hadden, Dept. of Labor, Washington, D. C., for appellant.
 Robert L. Deitz, Washington, D. C., for appellee.
 Before CASTLE, Senior Circuit Judge, and TONE and WOOD, Circuit Judges.
 CASTLE, Senior Circuit Judge.
 
 
 1
 The question presented by this appeal is whether an application by the Occupational Safety and Health Administration (OSHA) for a warrant to conduct an inspection of a workplace pursuant to an employee complaint of an unsafe working condition met the probable cause requirements for administrative searches laid out in Marshall v. Barlow's, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978) and Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). Such inspections in response to employee complaints are required by section 8(f)(1) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 657(f)(1), ("the Act"). Affirming the district court, we hold that the warrant application here was insufficient.
 
 
 2
 The paragraphs of the affidavit seeking to establish probable cause state:
 
 
 3
 2. On February 15, 1977, the Occupational Safety and Health Administration ("OSHA") received a written complaint from an employee of Northwest Airlines, Inc. This complaint alleged, in pertinent part, that violations of the Act exist which threaten physical harm to the employees, and an inspection by OSHA was requested. Based on the information in the complaint, OSHA had determined that there are reasonable grounds to believe that such violations exist, and desires to make the inspection required by section 8(f)(1) of the Act.
 
 
 4
 3. The desired inspection is also part of an inspection and investigation program designed to assure compliance with the Act and is authorized by section 8(a) of the Act.
 
 
 5
 Joint App. 1.
 
 
 6
 In an opinion preceding Marshall v. Barlow's, supra, the district court held that paragraph 2 of the affidavit failed to establish particularized probable cause because it did not provide the magistrate with the underlying factual data giving rise to the compliance officer's belief that a violation existed. Furthermore, it found that paragraph 3 failed to show that "reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular (establishment)," Camara, supra at 538, 87 S.Ct. at 1736, because the affidavit did not describe the inspection program or set forth the criteria employed by the Secretary in determining that this inspection was part of such a program.[1]
 
 
 7
 Barlow's confirmed the district court's analysis that probable cause for an administrative search could be established either by (1) specific evidence of an existing violation or (2) a showing that reasonable legislative or administrative standards for conducting an inspection are satisfied with respect to a particular establishment. 98 S.Ct. at 1824.
 
 
 8
 The Secretary does not attempt to argue that his affidavit establishes specific evidence of an existing violation. Rather, he argues that section 8(f)(1)'s provision for the inspection of plants from which OSHA receives an employee complaint constitutes a "reasonable legislative standard" for conducting inspections.[2]
 
 
 9
 The question of whether section 8(f)(1) constitutes "a general administrative plan . . . derived from neutral sources," Barlow's, supra at 1825, should not, however, divert us from the true problem in this case, which is the total lack of any description of the "inspection and investigation program" referred to in paragraph 3 of the affidavit. In Barlow's the Supreme Court stated in reference to a warrant application virtually identical to paragraph 3 of the application in the instant case[3] that "the program was not described . . . or any facts presented that would indicate why an inspection of Barlow's establishment was within the program." 98 S.Ct. at 1826 n. 20. This passage makes it clear that the magistrate has two functions to perform under Barlow's second method of establishing probable cause: (1) He must determine that there is a reasonable legislative or administrative inspection program and (2) he must determine that the desired inspection fits within that program.
 
 
 10
 The affidavit here provides insufficient information for the magistrate to perform the first of these functions, so A fortiori he is unable to perform the second. Paragraph 3's bare assertion that there is an "inspection and investigation program" does not permit the magistrate to ascertain that there is in fact a program or what the nature of such a program might be, let alone whether it is reasonable. It is only in the Secretary's briefs that we are told the "program" of paragraph 3 refers to the alleged section 8(f)(1) "program" of inspecting pursuant to employee complaints. But the identification of the program must take place in the warrant application itself in order to enable the magistrate to perform his first function under Barlow's. Accordingly, we hold that the warrant application here was insufficient to support the issuance of a warrant as it failed to describe or identify the program which allegedly supported the desired inspection.
 
 
 11
 Because of our disposition of the case we need not decide whether section 8(f) (1) constitutes the type of "general administrative plan for the enforcement of the Act derived from neutral sources" contemplated by Barlow's or whether such plans fall within the definition of a "rule" under APA § 551(4) and therefore must be adopted in conformity with the informal rule-making procedure of APA § 553. We also do not reach the issue of whether the magistrate must be presented with the substance of the employee complaint in order to fulfill his second function of determining whether the desired inspection fits within the plan or program.
 
 
 12
 For the reasons stated, the judgment appealed from is
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The district court ruled on the probable cause issue in the first instance because the United States Magistrate had accepted Northwest's argument that he lacked jurisdiction to issue a warrant to OSHA. The district court held that the magistrate did have jurisdiction but made the probable cause determination itself rather than remand the case to the magistrate. 437 F.Supp. 533 (E.D.Wis.1977)
 
 
 [2]
 Section 8(f)(1) of the Act provides:
 Any employees or representative of employees who believe that a violation of a safety or health standard exists that threatens physical harm, or that an imminent danger exists, may request an inspection by giving notice to the Secretary or his authorized representative of such violation or danger. Any such notice shall be reduced to writing, shall set forth with reasonable particularity the grounds for the notice, and shall be signed by the employees or representative of employees, and a copy shall be provided the employer or his agent no later than at the time of inspection, except that, upon the request of the person giving such notice, his name and the names of individual employees referred to therein shall not appear in such copy or on any record published, released, or made available pursuant to subsection (g) of this section. If upon receipt of such notification the Secretary determines there are reasonable grounds to believe that such violation or danger exists he shall make a special inspection in accordance with the provisions of this section as soon as practicable, to determine if such violation or danger exists. If the Secretary determines there are no reasonable grounds to believe that a violation or danger exists he shall notify the employees or representative of the employees in writing of such determination.
 29 U.S.C. § 657(f)(1).
 
 
 [3]
 The Barlow's affidavit stated that "the desired inspection and investigation are contemplated as part of an inspection program designed to assure compliance with the Act and are authorized by Section 8(a) of the Act." 98 S.Ct. at 1826 n. 20