Raymond J. DONOVAN, et al.

v.

GRETNA MACHINE AND
IRONWORKS, INC., et al.

Civ. A. No. 82–1507.

United States District Court,
E.D. Louisiana.

Feb. 13, 1984.

Sandra D. White, U.S. Dept. of Labor, Bobbie J. Gannaway, U.S. Dept. of Labor, Dallas, Tex., for plaintiff.

Robert E. Barkley, Jr., Sessions, Fishman, Rosenson, Boisfontaine & Nathan, New Orleans, La., Robert E. Rader, Jr., McCarthy, Wilson, Rader & Mash, P.C., Ennis, Tex., for defendants Gretna Mach. and Ironworks, Inc., and Martin DeMatteo.

HEEBE, Chief Judge:

This cause came on for hearing on December 7, 1983 on motion of the defendant, Gretna Machine and Ironworks for sanctions against plaintiff, the Secretary of Labor, for failure to participate in discovery in this action. The Court having reviewed the record, the memoranda, and the law, in addition to having heard the arguments of counsel is now fully advised in the premises and ready to rule.

IT IS THE ORDER OF THE COURT that this case be DISMISSED with prejudice, that the Secretary of Labor pay all costs of these proceedings along with reasonable attorney's fees, which amount shall be determined at a later date.

### REASONS

This case began as a civil contempt proceeding brought by plaintiff, the Secretary

of Labor and against defendant, Gretna Machine and Ironworks, (Gretna) for defendants' failure to allow an Occupational Safety and Health Administration (OSHA) search of its premises when presented with warrant. Defendant is a Louisiana corporation engaged in the ship building and ship repairing industry. On October 26, 1981, plaintiff applied for and received an administrative investigative warrant authorizing Labor Department personnel to enter the work site under defendant's control in Harvey, Louisiana. When defendant was presented with the warrant, he refused to allow the onsite inspection on the grounds that the warrant itself did not establish probable cause and the administrative plan under which it was issued was not based upon neutral criteria. Plaintiff filed this proceeding and defendant counterclaimed on November 6, 1982 on the stated grounds. Shortly thereafter, defendant filed a subpoena duces tecum to take the deposition of OSHA personnel and to produce certain OSHA documents. Plaintiff moved both to quash the deposition and for a protective order against producing the documents. They cited *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978) for the principle that the defendants are not entitled to go beyond the "four corners" of the warrant application presented to the U.S. Magistrate, unless they can demonstrate that the application contained deliberate or recklessly made misrepresentations which went to the heart of probable cause for its issuance. Defendant, Gretna, filed a Motion to Compel Discovery arguing that since the action for civil contempt must fail if the underlying OSHA warrant is invalid, it was entitled to show through discovery that the affidavit application was defective, and that the entire plan used by the Secretary to select work places for generally scheduled OSHA inspections is unreasonable, discriminatory and unconstitutional under the Fourth and Fifth Amendments. The various motions were heard by a U.S. Magistrate and the Motion to Compel was granted in part, denied in part, and modified. *See* Minute Entry of August 27, 1982 of Magistrate Hughes. On Motion for Review of the Magistrate's Order brought by the Secretary of Labor, this Court ordered that Gretna be permitted to conduct discovery as to the formulation and operation of OSHA's program for scheduling inspections and the selection of defendant, Gretna, pursuant to the program but not into any matter not relied upon by OSHA to establish administrative probable cause for the inspection. *See* Order and Reasons, February 7, 1983. Plaintiff then moved for an Order of this Court amending its February 7th Order to include a 28 U.S.C. § 1292(b) statement which motion was denied after oral argument on June 22, 1983.

On September 1, 1983 instead of complying with the referenced Court order, OSHA's counsel filed a document titled "Plaintiff's Official Statement of Position". In this document, the Secretary asserted that "plaintiff respectfully declines to participate in the discovery sought by the defendants in this case", as if he were invited to a birthday party on a day on which he had other social engagements. Consequently, in September of 1983, Gretna brought their Motion for Sanctions pursuant to Rule 37(b) which is presently before us. In response, OSHA filed a Motion to Dismiss Defendant's Request for Declaratory Judgment and Injunctive Relief (Counterclaim) for lack of subject matter jurisdiction and public policy considerations. On December 19, 1983, this Court denied plaintiff's motion to dismiss and granted defendant's motion for sanctions. At that time we stated that the particular sanctions to be applied would be outlined in the Court's reasons to follow.

Rule 37(b)(2) of the Federal Rules of Civil Procedure sets forth the sanctions available when a deponent fails to be sworn or to answer a question after being directed to do so by the court in the district in which the deposition is being taken. In addition to making "such orders as are just", the Rule authorizes the Court to strike pleadings or defenses, issue an order staying further proceedings or dismiss the action. Under 37(b)(2)(E) the party held in contempt may be required to pay reasonable

expenses including attorneys' fees caused by the failure. F.R.C.P. 37(b)(2)(C) and (D). This Court is cognizant that expenses and attorneys' fees are not ordinarily imposed against the United States. *In re Attorney General of U.S.*, 596 F.2d 58 (2nd Cir.1979). However, it is our opinion that such flagrant disregard of the rights of the defendant and the orders of the Court in this case warrant extraordinary relief. Therefore, plaintiff's action is dismissed with prejudice and defendant is entitled to present an itemization of all reasonable attorneys' fees and expenses incurred by the Secretary's failure to participate in discovery.

■ As for the Motion to Dismiss Defendant's Counterclaim, it is, of course, moot once the case against defendant has been dismissed. However, we also believe that it was without substance. The Secretary argued the application of sovereign immunity, and the absence of an independent basis of federal jurisdiction to support the claim for declaratory relief. In connection with his latter claim, he urged that the subject matter of Gretna's counterclaim is not within the jurisdiction of the federal court because the agency's actions (the design and application of the program) supporting the warrant are only subject to challenge in the context of an administrative enforcement proceeding or merely as a defense to a contempt action initiated by the Secretary.

Clearly, however, other courts in identical circumstances have rejected plaintiffs' objections and have allowed companies subject to inspection to maintain challenges to the validity of the inspection process, and have upheld their right of discovery to pursue their claims. E.g., *Donovan v. Mosher Steel Co.*, No. 83–G–2173S, (N.D.Ala. Nov. 2, 1983); *Donovan v. Huffhines Steel Company*, No. 3–79–0842–G (N.D.Tex. Dec. 5, 1979); *In Re OSHA Inspection of Customwood Manufacturing Co.*, No. SF 81–481 (1st Dist. N.M. June 14, 1981). These cases reify the holding of *Marshall v. Barlow's Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), that the Fourth Amendment applies to OSHA Inspections, and requires either a showing of specific evidence of an existing violation or a showing that the business was chosen for the search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources. 98 S.Ct. at 1824–25. Indeed the *Barlow's* challenge arose as a result of the actions of the Secretary of Labor in seeking an order from the district court for the District of Idaho compelling Barlow to allow the inspection, in response to which Barlow sought *injunctive* relief on constitutional grounds. Moreover, we agree with defendant's view that Gretna could have filed an independent action under 28 U.S.C. §§ 1331, 1337, 1346 and 2201 and. under Article IV and Article V of the Amendments to the Constitution. Gretna properly waited to file its challenge in the posture of a counterclaim, to allow the Secretary the opportunity to attempt to enforce the inspection with a warrant so as to have a proper "case or controversy" under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Fifth Circuit Court of Appeals has affirmed district court decisions in favor of other defendants who employed the latter approach. E.g., *Donovan v. Huffhines Steel Company*, 645 F.2d 288 (5th Cir.1981).

Accordingly, for the reasons herein expressed, this action brought by Raymond Donovan against Gretna Machine & Ironworks, Inc., is DISMISSED with prejudice, and plaintiff is ordered to pay all costs and all reasonable attorneys' fees and expenses incurred by his failure to participate in discovery.