**William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

v.

**GRETNA MACHINE & IRONWORKS, INC., a Corporation, and Martin De Matteo, Defendants-Appellees.**

**No. 84–3229.**

United States Court of Appeals, Fifth Circuit.

Sept. 3, 1985.

Andrea C. Casson, Atty., Dept. of Labor, Washington, D.C., for plaintiff-appellant.

Sessions, Fishman, Rosenson, Boisfontaine & Nathan, Robt. E. Barkley, Jr., New Orleans, La., for Gretna.

McCarty, Wilson, Rader & Mash, Robt. E. Rader, Jr., Ennis, Tex., for Gretna and Martin De Matteo.

Before GARZA, POLITZ and DAVIS, Circuit Judges.

POLITZ, Circuit Judge:

We are asked to determine, *inter alia,* whether the district court, 100 F.R.D. 798, abused its discretion by dismissing, as a discovery sanction, the civil contempt complaint of the Secretary of Labor. The Secretary refused to comply with a discovery order entered by the district court and the court dismissed the complaint with prejudice, imposing attorney's fees and expenses. Finding as a matter of law that the application for the administrative search warrant was inadequate and that the warrant was improvidently issued, we affirm the dismissal and remand for entry of an appropriate judgment.

### Facts and Procedural Background

Upon request of the Secretary, a federal magistrate granted an administrative search warrant to the New Orleans area office of the Occupational Safety and Health Administration ("OSHA") pursuant to § 8(a) of the Occupational Safety and Health Act of 1970, 29 U.S.C. § 657(a), and the regulations promulgated thereunder.[1] The warrant authorized a programmed health inspection of the shipbuilding and repair facility in Harvey, Louisiana owned and operated by defendant-appellee Gretna Machine & Iron Works, Inc. ("Gretna").[2] Gretna refused access and the Secretary filed the instant complaint for civil contempt.

Gretna answered the complaint and counterclaimed, seeking a declaratory judgment that the inspection warrant was violative of its fourth amendment guarantees.[3] Gretna alleged that the health inspection plan under which it was selected for a programmed inspection was unreasonable and that the inspection warrant was issued without sufficient probable cause. Invoking discovery rules, Gretna sought the production of certain OSHA documents and the deposition of the OSHA area director.

OSHA requested a protective order, and Gretna moved to compel discovery. After a hearing, the magistrate allowed discovery but crafted the order to avoid disclosure of the identities of other businesses subject to inspection. The district court upheld the

---

1. The ex parte application for an inspection warrant is authorized by 29 C.F.R. § 1903.4(d).

2. The warrant application stated that Gretna had been selected for an inspection pursuant to objective selection criteria set out in an administrative plan, OSHA Instruction CPL 2.25A. There are two types of programmed inspections under CPL 2.25A. Safety inspections, not at issue here, are based on workplace injury rates. A health inspection, attempted here, is based on the suspected presence in the workplace of various toxic substances. The health inspection criteria were recently described by this court in *United States Dept. of Labor v. Kast Metals Corp.,* 744 F.2d 1145 (5th Cir.1984):

> CPL 2.25B targeted companies for health inspections in accord with a Health Inspection Plan, which was developed by a panel of experts from OSHA and the National Institute of Occupational Safety and Health ("NIOSH").
> These experts reviewed the toxicological literature on hazardous substances, assigning each substance a hazard "weight" based on the possible health effects of the substance. They then ranked particular industries by giving the most weight to those having the greatest number of substances determined to be the most hazardous and a relatively high number of employees potentially exposed. Potential exposure was determined on the basis of NIOSH's National Occupation Hazard Survey, which indicated the number of employees exposed to a substance full-time in a particular industry, the number exposed part-time, and the number employed in the industry.
> OSHA then developed an Industry Ranking List, which ranked industries found in each state by Standard Industrial Classification ("SIC") Code based upon each industry's potential employee exposure to hazardous substances. OSHA also developed an Establishment List for each state, which listed establishments for each SIC on the statewide Industry Ranking List.

744 F.2d at 1147 n. 1 (discussing CPL 2.25B, the successor instruction to CPL 2.25A).

3. Gretna had the option of seeking to quash the warrant before execution or, as it did, refuse entry and challenge the warrant in resulting civil contempt proceedings. *See Kast Metals,* 744 F.2d at 1155 n. 21.

magistrate and entered an order permitting Gretna to conduct discovery into the "formulation and operation of the plan relied upon to establish probable cause." After being denied a 28 U.S.C. § 1292(b) certificate of appeal, the Secretary filed a pleading entitled "Official Statement of Position" in which he advised the court that he "respectfully declines to participate in the discovery sought by the defendants in this case." Gretna moved for sanctions under Fed.R.Civ.P. 37, and the district court dismissed the complaint with prejudice, awarding Gretna costs, expenses, and attorney's fees. This appeal followed.

### Analysis

We do not reach the discovery-sanction dismissal, for we find that a threshold consideration, the question of the validity of the search warrant, mandates a dismissal of the civil contempt action.

Since Gretna advances behind the shield of the fourth amendment, the scope of review extends to any matter the court should consider to ensure that the administrative warrant conforms to constitutional strictures. In the fountainhead decision in this area, *Marshall v. Barlow's, Inc.,* 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), the Supreme Court taught that "probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or administrative standards for conducting an ... inspection are satisfied with respect to a particular [establishment].'" 436 U.S. at 320, 98 S.Ct. at 1824 (*quoting Camara v. Municipal Court,* 387 U.S. 523, 538, 87 S.Ct. 1727, 1735, 18 L.Ed.2d 930 (1967)).

■ An administrative warrant will pass constitutional muster if it issues pursuant to a plan based on sufficient specific neutral criteria and the warrant application adequately explains why an inspection of the particular establishment is within the program. 436 U.S. at 321, 323 n. 20, 98

S.Ct. at 1824, 1826 n. 20. The magistrate, and the district court upon challenge, must determine whether the Secretary has prepared a reasonable inspection program and, if so, whether the desired inspection fits within that program. *See Matter of Northwest Airlines, Inc.,* 587 F.2d 12 (7th Cir.1978). The judicial function is a dual one. It is first incumbent upon the court to review the plan itself to ensure that it contains the specific neutral criteria mandated by *Barlow's.* The court must do so in order to "balanc[e] the need to search against the invasion which the search entails." *Camara v. Municipal Court,* 387 U.S. at 537, 87 S.Ct. at 1735. Factored in, and occasioning a certain heightening of review, is the inherent difference between a programmed inspection and one based on an employee's complaint asserting the existence of a violation. In the latter instance, the eyewitness complaint, if reliable, provides some assurance that workplace hazards proscribed by Congress exist. In the former instance, the plan itself provides the only evidence to be weighed against the employer's privacy interest. The court must guard against arbitrariness. *United States v. Green,* 634 F.2d 222 (5th Cir.1981). *See generally* 3 W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 10.2 (1978). A review of the plan itself is required to accomplish this function.

The second and coequally important function of the court is the determination that the particular establishment was appropriately selected under the plan. This requires a consideration of the plan's industry rank list for the state in question and the methodology used in the selection of the particular establishment. The court should also be informed of the Secretary's perception of the desired frequency of inspections of companies on the establishment list and the actual inspection history of the business in question.[4] From this

---

**4.** Limitations as to the scope of the search and, above all, the occasions when the government may search are necessary to protect an employ- er's fourth amendment rights. *Barlow's,* 436 U.S. at 321, 98 S.Ct. at 1825. *See also* Note, A Modern Approach to the Fourth Amendment:

linchpin, and with *Barlow's* requirements in mind, we examine the instant warrant application.

### The Warrant Application

■ OSHA's warrant application included a copy of the Health Inspection Plan and a general statement of the plan's selection criteria. An affidavit by an OSHA supervisory industrial hygienist declared that Gretna had been selected for a programmed health inspection pursuant to this plan. This satisfied the first part of the dual requirement, that involving the adequacy of the plan under the *Barlow's* standard. This adequacy determination is to be made by examining the inspection plan itself to ascertain that it contains the requisite neutral criteria. The court is neither obliged nor authorized to inquire into the facts presaging the formulation of the plan. It is not the function of the court to question the Secretary's underlying decision that a particular toxic substance is a threat to the health of workers or, for example, to second-guess the Secretary's interpretation of the scientific or medical evidence analyzed in the development of the plan. *Cf. Petrou Fisheries, Inc. v. I.C.C.*, 727 F.2d 542 (5th Cir.1984); *United States Dept. of Labor v. Kast Metals Corp.*, 744 F.2d 1145 (5th Cir.1984). We are persuaded that the plan in this case contains sufficient specific neutral criteria as required by *Barlow's*.

We reach a different conclusion as to the second prong of the inquiry, that involving the methodology employed in selecting the actual business at issue. According to the plan, application of the neutral criteria results in a priority ranking of each industry within a particular state. An establishment list is then prepared containing a roster of each business premise within the cataloged industries.[5] Also according to the plan, as affirmed in the instant affidavit, the local OSHA office is provided with "a list of establishments for each SIC [Standard Industrial Classification] on the state high Priority Ranking List located within the area office's jurisdiction.... The area director is authorized to make additions to or deletions from the list."

The affidavit presented to the magistrate contained Gretna's SIC number, and the simple statement that Gretna was selected for a programmed health inspection pursuant to the plan. But the application contained neither the establishment list nor a description of the procedure followed in the selection of Gretna.[6] Was it by lot? Was it at random? Was it by design? If by design, what were the facts underlying the purposeful selection?[7]

■ It cannot be gainsaid that the authority issuing the search warrant must be presented with all data needed for the appropriate issuance of the requested warrant. The application for the warrant must be sufficient. In determining the validity of the warrant we will look no further than the application itself, including any attachments and exhibits, and any sworn testimony given in conjunction therewith. Fed.R.

---

The Reconciliation of Individual Rights with Governmental Interests, 39 La.L.Rev. 623 (1979).

**5.** Although not contained in the plan, the court was informed at oral argument that the establishment lists are procured from Dun & Bradstreet, Inc.

**6.** As the court *a quo* noted, "The material necessary for such a showing is contained within agency files." Indeed, OSHA provided the court in this case with an industry rank list from Connecticut and an establishment list from a county in Massachusetts. We see no reason why OSHA could not have provided the court with the relevant lists from Louisiana, encoded to protect the identity of other inspection targets.

**7.** We do not suggest that local additions are necessarily unreasonable or arbitrary. But where they occur, the district court must examine OSHA's reasons for the addition. Otherwise, OSHA officers could harass businesses or effectively exercise the kind of unbridled discretion which concerned the Supreme Court in *Barlow's*, 436 U.S. at 323, 98 S.Ct. at 1826. *See also Michigan v. Tyler*, 436 U.S. 499, 98 S.Ct. 1942, 56 L.Ed.2d 486 (1978).

Crim.P. 41(c). The magistrate must decide whether to issue the warrant based on information provided by the application or in qualified conjunction with the application. Judicial review of the validity of the search warrant is based on that same evidence. *United States v. Acosta,* 501 F.2d 1330 (5th Cir.1974), *cert. denied,* 423 U.S. 891, 96 S.Ct. 188, 46 L.Ed.2d 122 (1975). *See also Garris v. Rowland,* 678 F.2d 1264 (5th Cir.1982); *United States v. Hill,* 500 F.2d 315 (5th Cir.1974); W. LaFave, *Search and Seizure: A Treatise on the Fourth Amendment* § 413. Evidence outside the application may be presented only in the limited circumstance involving a claim of fraud or ill-practice in the securing of the warrant. *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Hastings v. Bonner,* 578 F.2d 136 (5th Cir. 1978) (en banc). It follows that discovery likewise should be limited.

The application before the court is fatally defective. It does not contain an adequate description of the manner in which Gretna was selected for inspection. The search warrant should not have issued. Its invalidity compels the disposition of this appeal.

The judgment of the district court dismissing the civil complaint as a discovery sanction is VACATED and the matter is returned to the district court for entry of a judgment dismissing the civil complaint because of the invalidity of the search warrant.

The judgment of the district court awarding attorney's fees and expenses is VACATED and the matter is remanded for reconsideration of a setting of attorney's fees and expenses for trial and appeal, if found appropriate, in light of the latest revision of the Equal Access to Justice Act. *See* 5 U.S.C. § 504 (Supp. IV 1980); 5 U.S. C.S. § 504 note (Supp.1985) (setting forth the repealer act, Pub.L. No. 96–481, § 203(c), 94 Stat. 2327, and its vested rights clause); 28 U.S.C. § 2412.