791 F.2d 1535
 55 USLW 2046, 5 Fed.R.Serv.3d 295, 12
O.S.H. Cas.(BNA) 1873,
1986-1987 O.S.H.D. ( 27,623
 Raymond J. DONOVAN, Secretary of Labor, United States
Department of Labor, Plaintiff-Appellant,
v.
MOSHER STEEL COMPANY, DIVISION OF TRINITY INDUSTRIES, and
Roger Love, Plant Manager, Defendants-Appellees.
 No. 85-7210.
 United States Court of Appeals,
Eleventh Circuit.
 June 25, 1986.
As Amended July 14, 1986.
Rehearing and Rehearing En Banc Denied July 30, 1986.
 
 Andrea C. Casson, U.S. Dept. of Labor, Washington, D.C., for plaintiff-appellant.
 John J. Coleman, Birmingham, Ala., Frederick W. Addison, III, Storey, Armstrong, Steger & Martin, Dallas, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Alabama.
 Before GODBOLD, Chief Judge, JOHNSON, Circuit Judge, and TUTTLE, Senior Circuit Judge.
 JOHNSON, Circuit Judge:
 
 
 1
 This case requires us to review the district court's dismissal, as a discovery sanction, of a civil contempt complaint filed by the Secretary of Labor against Mosher Steel Company, a Birmingham, Alabama, manufacturer. We hold that the district court abused its discretion in ordering discovery, and therefore we VACATE the discovery sanctions imposed by the district court and REMAND for a decision on the merits of the Secretary's contempt complaint and Mosher Steel's motion to quash the inspection warrant. We instruct the district court to dismiss Mosher Steel's counterclaim.
 
 
 2
 * On August 16, 1983, a federal magistrate issued a warrant authorizing the Occupational Safety & Health Administration (OSHA) to inspect the worksite at Mosher Steel's Birmingham plant, which manufactures fabricated structural steel. The warrant was not based on a complaint, but was issued pursuant to an OSHA plan of programmed inspection. The Supreme Court in Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978) ruled that warrantless OSHA inspections are unconstitutional, but permitted the Secretary of Labor to establish administrative probable cause for a warrant on a showing that " 'reasonable legislative or administrative standards for conducting an ... inspection are satisfied with respect to a particular [establishment].' " Id. at 320, 98 S.Ct. at 1824, quoting Camara v. Municipal Court, 387 U.S. 523, 538, 87 S.Ct. 1727, 1736, 18 L.Ed.2d 930 (1967).
 
 
 3
 Mosher Steel refused to honor the inspection warrant. OSHA thereupon petitioned the district court to hold Mosher in civil contempt. In response, Mosher filed an answer contesting the validity of the warrant and a counterclaim for declaratory judgment alleging, inter alia, that OSHA's administrative inspection plan itself was unreasonable and discriminatory in violation of the fourth and fifth amendments. Mosher further sought a subpoena duces tecum to depose the OSHA supervisor and to order production of certain OSHA documents relating to the plan.
 
 
 4
 OSHA moved to quash the latter subpoena and asked the district court for a protective order, arguing that Mosher could not engage in discovery beyond the "four corners" of the warrant application. Mosher responded with a motion to compel discovery under Fed.R.Civ.P. 37(a). The district court decided in Mosher's favor, ordering discovery and thereafter denying OSHA's motion to stay discovery and to dismiss the counterclaim.
 
 
 5
 OSHA asked the district court to certify the discovery and warrant issues for interlocutory appeal. The lower court granted the request, but this Court denied the petition in October 1984. The district court then once again ordered OSHA to comply with its discovery order, and once again OSHA refused. The court thereupon imposed discovery sanctions under Rule 37(b)(2)--dismissing the contempt action with prejudice, entering judgment by default on Mosher's counterclaim, quashing the inspection warrant, enjoining further inspection of Mosher based on this administrative plan, and awarding Mosher costs and attorney's fees. The Secretary of Labor appeals this judgment.
 
 II
 
 6
 We review the district court's dismissal of the contempt complaint, and its issuance of the underlying discovery order, under the abuse of discretion standard. Although dismissal is a severe sanction, imposition of sanctions for failure to provide discovery rests within the trial court's discretion and will not be overturned absent abuse of that discretion. U.S. v. $239,500 in U.S. Currency, 764 F.2d 771, 773 (11th Cir.1985). Appeal of an order imposing sanctions necessarily includes a review of the underlying discovery order. Hastings v. North East Ind. School Dist., 615 F.2d 628, 631 (5th Cir.1980). The district court's discovery order is also reviewable only for abuse of discretion. American Key Corp. v. Cole Nat. Corp., 762 F.2d 1569, 1571 (11th Cir.1985). We conclude that here the district court abused its discretion in ordering discovery, and in awarding sanctions based on the secretary's failure to comply with the improper discovery order.
 
 
 7
 The district court had no power to order discovery beyond the so-called "four corners" of the warrant application. The four corners rule is a well-established precept of judicial review. It derives from the observation of the Supreme Court, in Aguilar v. Texas, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 1511 n. 1, 12 L.Ed.2d 723 (1964), that "[i]t is elementary that in passing on the validity of a warrant, the reviewing court may consider only information brought to the magistrate's attention"--that is, within the four corners of the warrant application.
 
 
 8
 The four corners rule logically applies to all warrants, criminal or administrative. In either case the reviewing court is charged with examining the magistrate's actual probable cause determination--not what he or she might have concluded based on information not presented in the warrant application. (The magistrate, of course, is not limited in what he or she may consider in the first instance.) This Court has acknowledged the broad scope of the rule:
 
 
 9
 The standards for reviewing a magistrate's finding of probable cause are the same for both administrative and criminal warrants. In passing on the validity of a warrant, the role of the reviewing court is limited.... [J]udicial review of the sufficiency of an affidavit for the issuance of a warrant must be strictly confined to the information brought to the magistrate's attention.
 
 
 10
 West Point Pepperell, Inc. v. Donovan, 689 F.2d 950, 959 (11th Cir.1982) (warrant based on complaint) (citations omitted). See also id. at 960 n. 12; Brock v. Gretna Machine & Ironworks, Inc., 769 F.2d 1110, 1114 (5th Cir.1985) (warrant based on inspection plan) ("[i]n determining the validity of the warrant we will look no further than the application itself, including any attachments and exhibits, and any sworn testimony given in conjunction therewith").[1]
 
 
 11
 Mosher Steel seeks to circumvent the four corners rule by characterizing its counterclaim as an attack on the administrative plan underlying the OSHA inspection warrant--rather than as a challenge to the warrant itself--so that it may request broad discovery about that plan. Appellee's implication is that the plan is somehow separable from the warrant application and may be independently attacked in a proceeding to enforce the warrant. We are unpersuaded by this argument.
 
 
 12
 The magistrate's probable cause determination in issuing an administrative warrant necessarily includes a review of the inspection plan on which the search is to be based. The Supreme Court in Barlow'sexpressly contemplated that "[a] warrant ... would provide assurances from a neutral officer that the inspection is reasonable under the Constitution, is authorized by statute, and is pursuant to an administrative plan containing specific neutral criteria." Barlow's, supra, at 323, 98 S.Ct. at 1825 (emphasis added). The information presented to the magistrate unquestionably must be sufficient to satisfy that officer that he or she can properly assess the plan's neutrality. Cf. Gretna, supra, at 1113. If this information is not sufficient, then the remedy is not to permit broad discovery beyond the scope of the warrant application by the employer on review--it is for the magistrate to deny the warrant in the first instance.
 
 
 13
 Nowhere does Barlow's, or the law of this Circuit, require the Secretary to disclose information about its inspection plan beyond that necessary to satisfy the magistrate that the plan is neutrally-based. Mosher sought, for example, to inquire into the daily logs or worksheets of OSHA compliance officers and to discover documents and data supporting but not included in certain warrant affidavits. To permit such a broad-based inquiry is simply to invite misuse of the warrant process mandated by the Supreme Court. In Barlow's, while the Court held that the Constitution required a warrant for OSHA inspections, it nevertheless permitted that warrant to issue ex parte and acknowledged its concern about resistance and delay. Barlow's, supra, at 316; 316-17 n. 11; and 320 n. 15, 98 S.Ct. at 1822; 1822 n. 11; and 1824 n. 15. The district court had no authority to conduct the time-consuming and exhaustive hearing that Mosher sought.[2] We thus agree with the Tenth Circuit's observation, when it considered and denied a similar discovery request in Donovan v. Hackney, Inc., 769 F.2d 650 (10th Cir.1985), cert. denied sub nom. Hackney, Inc. v. Brock, --- U.S. ----, 106 S.Ct. 1458, 89 L.Ed.2d 715 (1986):
 
 
 14
 We do not believe that Marshall v. Barlow's ... envisions the expanded evidentiary inquiry here sought by [the employer] in its efforts to resist an inspection of its plant; an inspection, incidentally, which is itself limited and subject to restrictions as set forth by the magistrate in his order. Rather, Barlow's, in our view, suggests that inspection warrants, which are required under that opinion, are to be issued ex parte and "executed without delay and without prior notice...."
 
 Id. at 653 (citations omitted).[3]
 
 15
 In sum, we are satisfied that the administrative warrant process set out by the Supreme Court for OSHA inspections sufficiently protects appellee's constitutional rights and appropriately limits the discretion of administrative officials. See Donovan v. Sarasota Concrete Co., 693 F.2d 1061, 1067 (11th Cir.1982). We decline to expand or to go beyond that process. Since we decide in favor of the Secretary on this issue, we need not consider the latter's Administrative Procedure Act and prosecutorial discretion arguments. We hold that the district court abused its discretion in authorizing discovery beyond the four corners of the warrant application in this case. We therefore VACATE the court's award of Rule 37 sanctions based on OSHA's refusal to comply with the improper discovery order. Further, we instruct the district court to dismiss the counterclaim.
 
 
 16
 Since neither the Secretary's contempt claim nor Mosher Steel's motion to quash the warrant for lack of probable cause have been decided on the merits, we REMAND for the lower court's review of the sufficiency of the warrant itself within the bounds of the warrant application.
 
 TUTTLE, Senior Circuit Judge, dissenting
 
 17
 With deference, I dissent. I disagree with the premise of the majority's approach to the problem before us. I believe that it is neither wise nor correct under the standards enunciated by the Supreme Court in Marshall v. Barlow's, Inc., 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), to apply the so-called "four corners rule" to a review of an OSHA search warrant requested not on the basis of specific allegations of safety violations, but merely by the operation of a self-styled "neutral" selection plan.
 
 
 18
 In Marshall v. Barlow's, Inc., supra, the Supreme Court ruled unconstitutional non-consensual, warrantless OSHA on-site inspections. In order to obtain a warrant, the Court required the Secretary of Labor to meet a bifurcated standard for administrative probable cause by showing either (1) specific evidence of an existing violation of the Act; or (2) that " 'reasonable legislative or administrative standards for conducting an ... inspection are satisfied with respect to a particular [establishment].' " Barlow's at 320, 98 S.Ct. at 1824, quoting Camara v. Municipal Court, 387 U.S. 523, 538, 87 S.Ct. 1727, 1736, 18 L.Ed.2d 930 (1967)). See West Point Pepperell, Inc. v. Donovan, 689 F.2d 950, 957 (11th Cir.1982); United States v. Mississippi Power & Light Co., 638 F.2d 899, 907 (5th Cir.1981); Matter of Northwest Airlines, Inc., 587 F.2d 12, 14 (7th Cir.1978). In the present case OSHA, through use of a nationwide administrative selection inspection plan, sought to inspect the Mosher Steel plant in Birmingham, Alabama. Because there was no evidence of any existing OSHA violation at the plant, the OSHA representative in seeking the inspection warrant, simply presented a U.S. magistrate with a copy of the plan itself under which the inspection was required and a description of how Mosher was selected for review.[1] On the basis of this plan, the magistrate issued the warrant.
 
 
 19
 Appellant Secretary argues on appeal that in its hearing to enforce the search warrant the district court's discovery order compelling the Secretary to produce certain documents regarding the administrative inspection plan and to produce an official of the Department for deposition was in error because any inquiry into the appropriateness of the warrant itself was limited solely to information presented to the magistrate on the face of the affidavit. Under the "four corners" standard laid out by the Supreme Court in Aguilar v. Texas, 378 U.S. 108, 109 n. 1, 84 S.Ct. 1509, 1511 n. 1, 12 L.Ed.2d 723 (1964), and clarified by its decision in Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), review of criminal warrants is generally limited to the evidence which was presented to the issuing magistrate. The sole exception is when the challenging party alleges and demonstrates that the government's affidavit on which the warrant is based contains deliberate falsehoods or instances of reckless disregard for the truth. Franks at 171, 98 S.Ct. at 2684. According to the Secretary, the Franks standard applies not only to review of criminal warrants, but to OSHA administrative inspection warrant challenges as well. In light of this approach, because no evidence was presented by appellee Mosher to suggest any deliberate falsehoods in the government's application for a warrant, review was thus limited to the "four corners of the administrative plan" itself which was the basis of the warrant and not the process by which the plan was formulated, thus making the district court's discovery order inappropriate. The Secretary suggests that on its face, the inspection plan is perfectly acceptable--that it was promulgated in an appropriate fashion and is legitimate in scope and non-discriminatory in application. He also argues that to allow discovery here would seriously hinder the operation of the entire inspection system and frustrate the agency's efforts to insure that congressionally mandated health and safety requirements are met. The appellant suggests that a magistrate's facial review of the plan itself is appropriate to insure that Fourth Amendment concerns are addressed. I disagree.
 
 
 20
 In establishing a bifurcated test for determining when a warrant may be issued for an OSHA administrative search, the Supreme Court distinguished between those searches which were the result of "specific evidence of an existing violation," Barlow's, 436 U.S. at 320, 98 S.Ct. at 1824, and those which resulted from the operation of a generalized administrative inspection plan. The Court mandated that a warrant for the latter-type search be granted only after it had been demonstrated that " 'reasonable legislative or administrative standards for conducting an ... inspection are satisfied.' " Id. In issuing such a warrant, a court must determine that the inspection is "reasonable under the Constitution, is authorized by statute, and is pursuant to an administrative plan containing specific neutral criteria." (Emphasis added). Id. at 323, 98 S.Ct. at 1825. In order to fulfill this responsibility, a court must not only be allowed to review an administrative search plan on its face, but must also be granted full authority to examine the facts presaging the formulation and operation of the plan if they are not included as a part of the affidavit to ensure that it meets constitutional and statutory muster as required by the Supreme Court. Such may be accomplished only by allowing the parties challenging such warrants full and free discovery into the nature of the selection plan itself. A mere surface examination of the plan may not insure that the plan in its development and actual operation has been conducted in the "reasonable" and "neutral" manner required by the Supreme Court. The Court, advocating a contrary view, points to language in a recent Fifth Circuit opinion, Brock v. Gretna Machine & Iron Works, Inc., 769 F.2d 1110 (5th Cir.1985), an OSHA inspection warrant challenge similar to the situation presently before us. There the Court, after invalidating the proposed OSHA search because of an improper warrant application, in dictum, suggested that in reviewing the adequacy of an OSHA inspection selection plan, a court "is neither obliged nor authorized to inquire into the facts presaging the formulation of the plan." Id. at 1113. I believe this conclusion inadequately addresses those concerns expressed by the Supreme Court in Barlow's and would decline to adopt it.
 
 
 21
 Although this Court has ruled that the Supreme Court's Franks "four corners" standard applies to challenges of OSHA inspection warrants issued following the presentation of specific evidence of an existing violation, West PointPepperell v. Donovan, 689 F.2d 950, 959 (11th Cir.1982), I believe it judicially unsound to extend this rule to a review of a warrant granted on the basis of an administrative selection plan. There is a fundamental difference between these two types of inspection warrants. The former bears close relation to a criminal warrant issued as the result of suspicion of an actual violation of law. It is to be granted after specific evidence of a violation has been presented to a magistrate. Barlow's, 436 U.S. at 320, 98 S.Ct. at 1824. The parallel between it and the criminal warrant for which Franks was designed to apply is so pronounced that the application of the Franks standard to it is both logical and just. The same may not be said, however, for the warrant issued merely on the basis of an OSHA selection plan. No violation of law has been proven or even alleged. This is an entirely different type of warrant and the similarities to a Franks type situation are virtually non-existent. It is imperative that the process by which businesses are selected for non-complaint inspired searches be truly random and neutral. See Donovan v. Sarasota Concrete Co., 693 F.2d 1061, 1068 (11th Cir.1982). A selection process that lacks this neutrality is inherently discriminatory and so invidious and destructive of public confidence in government that a court cannot sanction its existence by the casual issuance of a warrant for its enforcement. Therefore, in a Fourth Amendment challenge of an OSHA inspection warrant issued as the result of an administrative selection plan, I believe that the Aguilar and Franks discovery limitations are not applicable.
 
 
 22
 Although the Seventh Circuit in Marshall v. Milwaukee Boiler Manufacturing Co., Inc., 626 F.2d 1339, 1346 (7th Cir.1980) and the Tenth Circuit in Donovan v. Hackney, 769 F.2d 650 (10th Cir.1985), cert. denied, sub. nom., Heickney, Inc. v. Brock, --- U.S. ----, 106 S.Ct. 1458, 89 L.Ed.2d 715 (1986),[2] have extended the Franks rule to such challenges, I disagree for the reasons outlined above. In fact, I believe that the Tenth Circuit was particularly misguided in the very basis of its opinion. It found significance in the fact that the inspection to be carried out was of a commercial establishment rather than a private residence, noting that "the intrusion here is relatively minimal; this is an inspection of a workplace where employees freely enter, not a search of a private residence." Id. at 653. This statement ignores the entire introduction and, in fact, legal underpinnings of the Barlow's opinion. The Supreme Court emphatically stated:
 
 
 23
 The Warrant Clause of the Fourth Amendment protects commercial buildings as well as private homes. To hold otherwise would belie the origin of that Amendment, and the American colonial experience. An important forerunner of the first 10 Amendments to the United States Constitution, the Virginia Bill of Rights, specifically opposed "general warrants, whereby an officer or messenger may be commanded to search suspected places without evidence of a fact committed." The general warrant was a recurring point of contention in the Colonies immediately preceding the Revolution. The particular offensiveness it engendered was acutely felt by the merchants and businessmen whose premises and products were inspected for compliance with the several parliamentary revenue measures that most irritated the colonists. "[T]he Fourth Amendment's commands grew in large measure out of the colonists' experience with the writs of assistance ... [that] granted sweeping power to customs officials and other agents of the King to search at large for smuggled goods." United States v. Chadwick, 433 U.S. 1, 7-8 [97 S.Ct. 2476, 2481, 53 L.Ed.2d 538] (1977). See also G.M. Leasing Corp. v. United States, 429 U.S. 338, 355 [97 S.Ct. 619, 630, 50 L.Ed.2d 530] (1977). Against this background, it is untenable that the ban on warrantless searches was not intended to shield places of business as well as of residence.
 
 
 24
 Barlow's, supra, 436 U.S. at 311, 312, 98 S.Ct. at 1819-20. In suggesting that a commercial building has less protection from an unreasonable search than a private one, the Tenth Circuit has seriously undermined the persuasiveness of its opinion.
 
 
 25
 I would, therefore, affirm the judgment of the district court.
 
 
 
 [1]
 The Supreme Court has carved out a single narrow exception to this rule in Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), which permits a reviewing court--on a "substantial preliminary showing" by the party bringing the warrant challenge--to hold an evidentiary hearing to determine the truthfulness of facts presented to the magistrate. No Franks claim is raised here. Except in a Franks situation, "a reviewing court should not conduct a probable cause hearing in which it considers evidence not presented to the magistrate." West Point-Pepperell, supra, at 959
 
 
 [2]
 The Supreme Court in Barlow's, although "unconvinced ... that requiring warrants to inspect will impose serious burdens on the inspection system or the courts ..." noted that the warrant requirement "might have an impact on whether owners choose to resist requested searches; we can only await the development of evidence not present on this record to determine how serious an impediment to effective enforcement this might be." Barlow's, supra, at 316-17 n. 11, 98 S.Ct. at 1822 n. 11. We are persuaded that, given the general acceptance of the so-called "worst-first" inspection plan followed by the Secretary, see Donovan v. Hackney, Inc., 583 F.Supp. 773, 779 (W.D.Ok.1984), aff'd, Hackney, supra; Donovan v. Wollaston, 695 F.2d 1, 5 (1st Cir.1982), Mosher's tactic may be calculated as one such deliberate impediment to enforcement. Cases with markedly similar facts such as Gretna, supra, and Hackney, supra, suggest that resistance to a search, coupled with a counterclaim and request for discovery on the inspection plan in the subsequent contempt proceedings, is the latest "stop OSHA" strategy
 
 
 [3]
 See also Marshall v. Milwaukee Boiler Mfg. Co., Inc., 626 F.2d 1339, 1345-46 (7th Cir.1980) (citations omitted):
 [W]e cannot agree with the Company that an application need be accompanied by all of the supporting documents, or indeed any of them, upon which the factual assertions of the application are based.... [T]he agency is not required to make a massive evidentiary showing of particularized cause and a simple warrant request hearing should not be turned into a full-blown hearing. We continue to decline "imposing on the Secretary an unwanted consumption of enforcement energies" which would "exceed manageable proportions."
 
 
 [1]
 There was nothing in the description to indicate that Mosher was randomly selected for inspection, only the Secretary's statement that the selection procedure was neutrally administered
 
 
 [2]
 The Fifth Circuit in dicta contained within Brock v. Gretna Machine & Iron Works, Inc., 769 F.2d 1110, 1114 (5th Cir.1985), reaches the same conclusion