**In the Matter of ESTABLISHMENT INSPECTION OF TRINITY INDUSTRIES, INC.**

**Appeal of TRINITY INDUSTRIES, INC.**

**Elizabeth DOLE, Secretary of Labor, United States Department of Labor, Plaintiff–Appellee.**

v.

**TRINITY INDUSTRIES, INC., and Al Harwell, Defendants–Appellants.**

**Nos. 89–1333, 89–1389 and 89–1494 Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 25, 1990.

Robert E. Rader, Jr., Locke Purnell Rain Harrell, Dallas, Tex., for appellant.

John Shortall, Ann Rosenthal, U.S. Dept. of Labor, Washington, D.C., Jerry G. Thorn, U.S. Dept. of Labor, Office of the Sol., Dallas, Tex., for plaintiff-appellee.

Before WILLIAMS, JOLLY, and DUHÉ, Circuit Judges.

DUHÉ, Circuit Judge.

The Occupational Safety and Health Administration (OSHA) obtained a warrant pursuant to 29 U.S.C. § 657(a) to conduct a programmed safety inspection of Trinity Industries' plant in Dallas. Trinity contested the magistrate's determination that the warrant application established probable cause, and the district court affirmed the magistrate's ruling. Trinity appealed to this court. While that appeal was pending, OSHA filed a separate action to adjudicate Trinity in civil contempt for failure to honor the warrant. The district court held Trinity in contempt and ordered that the inspection take place; the district court retained jurisdiction to award OSHA costs and attorney's fees. Trinity appealed both orders. Trinity's three appeals are here consolidated.

■ Our review of the district court's determination of the correctness of the magistrate's decision that the affidavit adequately established probable cause is made without deference to the district court's ruling. *United States v. Phillips*, 727 F.2d 392, 394–95 (5th Cir.1984); *United States v. Freeman*, 685 F.2d 942, 948 (5th Cir. 1982). However, in determining whether the magistrate correctly decided this issue, we refrain from any sort of *de novo* review and instead accord great deference to the magistrate's decision. *United States v. Jackson*, 818 F.2d 345, 348 (5th Cir.1987); *Phillips*, 727 F.2d at 395; *Freeman*, 685 F.2d at 948.

■ OSHA's entitlement to conduct an administrative inspection does not depend on a demonstration of probable cause to believe that conditions in violation of the Occupational Safety and Health Act exist on the premises. *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 320, 98 S.Ct. 1816, 1824, 56 L.Ed.2d 305 (1978). Indeed, probable cause in the criminal law sense is not required. *Id.* *Barlow's* held that for purposes of an administrative search warrant, "probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that 'reasonable legislative or administrative standards for conducting an ... inspection are satisfied with respect to a particular [establishment].'" 436 U.S. at 320, 98 S.Ct. at 1824 (*quoting Camera v. Municipal Court*, 387 U.S. 523, 538, 87 S.Ct. 1727, 1736, 18 L.Ed.2d 930 (1967)). Thus an employer's Fourth Amendment rights are protected where the warrant shows "that a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources." *Barlow's*, 436 U.S. at 321, 98 S.Ct. at 1824–25. The requirement that OSHA secure a warrant before conducting an inspection is intended as a safeguard against the exercise of "unbridled discretion [by] executive and administrative officers, particularly those in the field, as to when to search and whom to search." 436 U.S. at 323, 98 S.Ct. at 1826.

■ *Brock v. Gretna Machine & Ironworks*, 769 F.2d 1110, 1112 (5th Cir.1985), held that *Barlow's* is satisfied if: 1) the warrant is sought pursuant to a plan based on sufficient specific neutral criteria; and 2) the warrant application adequately explains why an inspection of the particular establishment is within the program. The second inquiry entails consideration of the plan's industry rank list for the state in question and consideration of the methodology used in the selection of the particular establishment. *Id.*

The warrant application in the instant case included a detailed explanation of CPL 2.45A, the general inspection plan OSHA utilizes. This circuit has acknowledged that this plan satisfies *Gretna's* first prong: as a whole it is susceptible of neutral, nonarbitrary application. *Industrial Steel Products Co., Inc. v. OSHA*, 845 F.2d 1330, 1334 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 556, 102 L.Ed.2d 582 (1988).[1] Because the appellants in *Industrial Steel* were wholly owned subsidiaries of Trinity Industries, Trinity's attack on the general inspection plan is barred by collateral estoppal. *Nations v. Sun Oil Co.*, 695 F.2d 933, 938 (5th Cir.), *cert. denied*, 464 U.S. 893, 104 S.Ct. 239, 78 L.Ed.2d 229 (1983).

Trinity further argues, however, that the warrant application fails the second *Gretna* prong. *Industrial Steel* clarified *Gretna's* requirement that the issuing court consider the methodology used in the selection of the particular business: the court has sufficient information before it if the warrant application contains an encoded establishment list for the state in question, the inspection register, or a description of how OSHA compiled the list and register. 845 F.2d at 1337.

OSHA's application for an inspection warrant here did not include copies of the relevant establishment list, inspection register, or statewide industry ranking report. However, the application included the affidavit of the Safety Supervisor of OSHA's Dallas office which gave a detailed description of how the plan was executed. The national OSHA office provided the Dallas area office with a statewide industry ranking report ranking 4–digit Standard Industrial Classification (SIC) Codes according to lost workday injury (LWDI) rates. Only industries in a state which have a lost workday injury rate of 3.4 or greater per 100 full-time employees are included on this report. The industries are ranked on this report beginning with the industry with the highest LWDI rate first and continuing down to the industries with a LWDI rate of 3.4. The national office also provides each

---

1. See *Industrial Steel*, 845 F.2d at 1333–34 for a detailed description of CPL 2.45A. *See also,* *Gretna*, 769 F.2d at 1113; *Donovan v. Trinity Industries*, 824 F.2d 634, 636 (8th Cir.1987).

area office with a list of establishments for each SIC Code on the statewide industry ranking report located within the area office's jurisdiction. The SIC code for Trinity is 3441, which appears on Texas' industry ranking report and has a LWDI rate of 8.3.

The affiant further stated that the national OSHA office provided the Dallas area office with three statewide safety establishment SIC lists: 1) a list of industries in Texas with a LWDI rate of 3.4 or greater (the high rate establishment list); 2) a list of manufacturing establishments within industries whose SIC Code has a LWDI rate below 3.4 (the low rate establishment list); 3) and a list of establishments within certain nonmanufacturing industries that are required by OSHA to keep records (the nonmanufacturing establishment list). The industries on each establishment list are ranked according to their LWDI rates from highest to lowest.[2] Although CPL 2.45A empowers each area director to make appropriate additions to the high rate establishment list prior to use of the list for scheduling inspections, Trinity was not added by the Dallas office but was on the establishment list provided by the national office.

The inspection register was compiled as follows. Pursuant to the general inspection plan, the Dallas area OSHA director calculated the total number of establishments to be inspected in 1988. Of the total number of projected programmed high rate safety inspections, five percent were randomly selected from the low rate establishment list and five percent were selected in consecutive order from the nonmanufacturing establishment list. The remaining number of programmed safety inspections were selected in rank order from the high rate establishment list. This formed the inspection register, which was divided into two cycles, with those establishments listed in the first half of the list placed in cycle one and the remaining placed in cycle two. Trinity was placed in the first inspection cycle.

*Industrial Steel* recognized that a description of how the establishment list and inspection register were compiled gives the magistrate sufficient information upon which he can base his analysis of the methodology used in the selection of the particular establishment at issue. 845 F.2d at 1337. The descriptions of the compilation of the establishment list and inspection register provided by OSHA in its warrant application echo those found sufficient in *Industrial Steel*. 845 F.2d at 1335 n. 3. We therefore reject Trinity's argument that the descriptions of the establishment list and inspection register were inadequate.

Trinity argues that the warrant application was fatally flawed because OSHA failed to include a copy of the statewide industry ranking report. OSHA's failure to append the report is not fatal. *Gretna* requires only a consideration of the statewide industry ranking report. 769 F.2d at 1112. A description of how the report was compiled will suffice[3] absent a factual showing by the target company that it was arbitrarily placed on the list or that its competitors were arbitrarily removed from the list.[4] *See Industrial Steel*, 845 F.2d at 1337. Trinity made no such showing. The statewide industry ranking report ranks industry sectors in descending order according to their LWDI rates and gives each sector a SIC Code. Individual businesses are not listed on the report. The district

---

**2.** The warrant application included a copy of OSHA directive CPL 2.25G which explains that the establishment list is extracted from a commercially available employer list.

**3.** The court in *Industrial Steel* noted that a requirement that the magistrate review the establishment list for completeness and neutrality would require the magistrate to determine that every firm on the list was fairly placed there and that no firm was unfairly deleted. 845 F.2d at 1337. Similarly, requiring the magistrate to review the statewide industry rank list would

tend to shift the focus of the probable cause inquiry to collateral matters.

**4.** In *Gretna* the affidavit OSHA presented to the magistrate only contained Gretna's SIC number and the conclusory statement that it was selected for a programmed inspection pursuant to the general inspection plan. The court found that this presentation did not provide the magistrate with sufficient information to determine whether Gretna was properly selected under the plan. 769 F.2d at 1113.

court expressly found that there was no evidence that Trinity had been incorrectly classified under the SIC system.

We conclude that the magistrate had before him sufficient information to determine that Trinity was placed on the inspection register by an application of the plan's neutral criteria. To meet the standards set by *Barlow's*, the magistrate need only conclude that an application of the neutral plan resulted in the selection of the individual establishment contesting the warrant. *Industrial Steel*, 845 F.2d at 1337.[5] The purpose of *Barlow's* warrant requirement is to prevent the exercise of unbridled discretion, particularly at the local level, as to which businesses are inspected and when they are inspected. There was no evidence that Trinity's placement on OSHA's inspection register was the result of anything but the application of OSHA's neutral inspection plan. The district court correctly upheld the magistrate's ruling.

Because the district court correctly determined that the inspection warrant was properly issued, he did not abuse his discretion in holding Trinity in civil contempt for its failure to honor the warrant and in awarding costs and attorney's fees to OSHA.[6] *Whitfield v. Pennington*, 832 F.2d 909, 915 (5th Cir.), *cert. denied*, 487 U.S. 1205, 108 S.Ct. 2846, 101 L.Ed.2d 883 (1987); *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir.1987).

AFFIRMED.

---

**5.** *Accord, Matter of Trinity Industries*, 876 F.2d 1485, 1492 (11th Cir.1989); *Pennsylvania Steel Foundry and Machine Co. v. Secretary of Labor*, 831 F.2d 1211, 1215 (3rd Cir.1987); *Donovan v. Trinity Industries*, 824 F.2d 634, 636 (8th Cir. 1987); *Donovan v. Hackney, Inc.*, 769 F.2d 650, 653 (10th Cir.), *cert. denied*, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 715 (1985); *Donovan v. Enterprise Foundry*, 751 F.2d 30, 33 (1st Cir. 1984); *Stoddard Lumber Co. v. Marshall*, 627 F.2d 984, 988–89 (9th Cir.1980); *Marshall v.*

*Chromalloy American Corp.*, 589 F.2d 1335, 1341–42 (7th Cir.), *cert. denied*, 444 U.S. 884, 100 S.Ct. 174, 62 L.Ed.2d 113 (1979).

**6.** Trinity contends that OSHA is collaterally estopped from bringing the civil contempt action because *Gretna* required that the statewide industry ranking report be appended to the warrant application. We reject this argument.